Hans Field, Respondent, v. Rea H. Field, Appellant.

First Department, March 2, 1954.

*Arthur Karger* of counsel (*Bernard H. Sandler,* attorney), for appellant.

*Isidor Enselman* of counsel (*Clifford I. Odwak,* attorney), for respondent.

*Per Curiam.* The defendant appeals from an interlocutory judgment of divorce in favor of the plaintiff following a jury trial on two framed issues. The jury by a unanimous verdict found that the defendant had committed adultery on two different occasions with a named co-respondent.

After some five days of trial, two questions were submitted to the jury. At least one of these presented a clear-cut issue of fact for determination. The jury retired at about one o'clock in the afternoon and at six-fifteen returned for about five minutes to seek further instructions from the court. At seven twenty-five the jury returned to the courtroom after having sent a message to the court that they wanted to go to dinner. Upon questioning by the court, at least two jurors expressed the opinion that the jury was deadlocked.

The court thereupon said to the jury that " any individuals or individual who is holding out, should listen to the reasoning of the majority, and he shouldn't be stubborn about it, or obdurate about it, and he should listen to reason, and to the charge that I have given you. * * * Now, I think that if you go to dinner and come back, you should listen to the arguments — whatever it was, I don't want to know what it is — but to the opinions of the majority and try and come to a conclusion. Of course, each and every one of you is entitled to your own opinion. I don't want to be misconstrued about it. But at the same time, it is your duty to try and listen to the arguments of those who seem to have the majority viewpoint. See if you can't in good conscience come to that viewpoint.''

The court's repeated instruction that the minority should listen to the majority was not lost upon the jury. The foreman, just before the jury retired, said " I think your Honor's statement that the minority listen to the majority, which you did say before in your charge to us, may help us reach a decision after dinner.'' The court thereupon ordered a sealed verdict. The record does not disclose when they reached a verdict but agree they did and unanimously.

In *Acunto* v. *Equitable Life Assur. Soc.* (270 App. Div. 386, 388), we held that a similar instruction to a jury, although couched in more subtle language than was here used, required a new trial. There we quoted with approval the statement that " To say to a minority that they should re-examine their views in the light of the opinion held by the majority, without putting a like duty on the majority respecting the opinion of the minority, is wrong. The minority may be right and the majority wrong."

We conclude that the instructions of the trial court upon this subject were prejudicial to the defendant and require a reversal of the judgment and a new trial. In view of the necessity for a new trial, we do not pass upon the other grounds urged by the defendant for reversal.

The judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

PECK, P. J., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered. with costs to the appellant to abide the event.