■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HENRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 4, 1974 (the date on the

clerk's extract is August 16, 1974), convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant was indicted for the crimes of robbery in the first degree and grand larceny in the third degree in connection with the holdup of a cashier of a subway token booth at gunpoint. At the trial discrepancies in the testimony of the cashier arose concerning the description of the height of the robber which she gave to the police immediately after the incident (five feet ten inches) as compared to the defendant's actual height (six feet three inches). The defendant testified that he had not committed the robbery. The jury began its deliberations at 1:33 P.M. It returned at 3:10 P.M. to hear the testimony of the cashier, and resumed deliberations at 3:50 P.M. At 5:40 P.M. the jury reported that it was deadlocked "ten to two" and asked for instructions as to its procedure. The court charged the jury that it should continue its deliberations, that the trial had been expensive to the prosecution and defense, that no juror should surrender "his or her conscientious conviction" as to the evidence because of the opinion of the other jurors, but that those in the minority should listen and exchange views with the majority. The court then stated: "If there is a disagreement, a deadlock, this case must be retried. Defendant will be tried all over again. Now as citizens of this County I ought to see to it that you come to some type of verdict. Get a verdict and get this case finished with. So what I am going to do with you members of the jury is send you out to dinner first. You can have dinner and you are going to come back and you are going to have to sit down and come in with a verdict. You can't afford to have a hung jury in a case of this kind. Is that understandable? Is it clear? All right. You will take these jurors out for a good dinner. Maybe they will come back with a little more energy and come to a verdict. O.K. I think if you try hard enough you will get to a verdict." The defendant's counsel objected to this charge. The jury returned a verdict at 9:27 P.M., finding the defendant guilty of robbery in the second degree and grand larceny in the third degree. The quoted charge was tantamount to a direction to the jury that a verdict must be returned. A Trial Judge should avoid instructions which exert a coercive influence on the jurors to reach a certain verdict or any verdict (see ABA Standards Relating to the Administration of Criminal Justice, Trial by Jury, § 5.4; Function of the Trial Judge, § 5.12). "An attempt to drive the members of a jury into an agreement is beyond the power of the court, and an obvious effort to effect such a result demands a new trial" *(People v Sheldon,* 156 NY 268, 282; see, also, *People v Faber,* 199 NY 256, 259–261; cf. *People v Sharff,* 38 NY2d 751). In *Jenkins v United States* (380 US 445), it was held that a statement by the Trial Judge to the jury, after it had not been able to agree on a verdict upon two hours' deliberations, that it must reach a decision in the case, constituted coercion and required a new trial. Indeed, more subtle suggestions by the court aimed at the necessity of arriving at a verdict have similarly been condemned (see *Field v Field,* 283 App Div 372; *Acunto v Equitable Life Assur. Soc.,* 270 App Div 386; *Hagen v New York Cent. & Hudson Riv. R. R. Co.,* 79 App Div 519). As the guilt or innocence of the defendant rested on the issue of identification, and as the testimony of the sole witness identifying the defendant was not beyond question, the court's instructions to the jury may well have improperly influenced the verdict. Hence, the conviction should be reversed and a new trial ordered. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.