■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DEMERY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 3, 1976, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No contentions have been raised with respect to the facts. Although the evidence of defendant's guilt was sufficient to sustain the jury's verdict, the conviction must be reversed because of the coercive nature of the supplemental charge delivered by the court. After several hours of deliberation the jury reported that it was hopelessly deadlocked on the assault count. In order to obtain a definitive verdict on that count, the trial court delivered the following charge: "You have been deliberating here since noon today when I delivered my final charge to you and I realize you have been in session now for well over six hours. *It is necessary that a verdict be had on both of those counts of the indictment. You have already rendered your verdict on the first count, you now have the assault count.* If I disband the jury on that basis, the fact that you have told me that you cannot reach a verdict on the assault charge, it means that we would have to pick another jury, no more intelligent than you are, no more conscientious to be fair to both sides, the People and the defendant, to render a decision in this case. You can well understand going through another trial *insofar as the time element is concerned, the expense involved and the court problems would make it meaningless to let twelve other people do the same job that couldn't do it any better than you can* and so, therefore the Court is going to urge you, I am going to—at this point I realize that you are tired and it's now 7:30. I am going to have you go out to lunch *[sic]*, take a little rest and come back here and continue deliberations. *Now, as you know we must have a unanimous verdict, we must have a verdict one way or the other, guilty or not guilty.* Needless to say it is important for the defendant to have a fair trial, it's also important for the People to have a fair trial. I am sure that after you have had your dinner, you have had a time to deliberate calmly and collectively, each one of you make an effort to come to a decision in this case and I am sure you will be able to do that so we will now adjourn for dinner." (Emphasis supplied.) Although a Trial Judge may remind a jury as to the importance of reaching a verdict *(People v Sharff,* 38 NY2d 751; *People v Faber,* 199 NY 256), it is improper to demand a verdict, or to coerce a verdict through threats of a lockup, or reminders of the costs and court problems attendant to a retrial *(Jenkins v United States,* 380 US 445; *People v Henry,* 56 AD2d 610). While there is no precise yardstick by which the "coerciveness" of a particular charge may be measured, those charges which stress the need for reasonableness and further consideration will be upheld, while those which stress the absolute need for a verdict at the expense of the individual juror's judgment mandate reversal of the resultant convictions. (Compare *People v*

*Randall,* 9 NY2d 413, 425-426; *People v Campanaro,* 223 App Div 248, 253, affd 249 NY 545, with *People v Sheldon,* 156 NY 268, and *People v Henry,* 56 AD2d 610, *supra.)* Further error was committed when the trial court told the jury that defendant's testimony should be judged more closely and scrutinized more carefully because he was an interested witness. While the Judge may properly remind a jury of the defendant's interest in the case, it is improper for the court to advise the jury as to what weight it should attach to such testimony *(People v Ochs,* 3 NY2d 54, 56; *People v Crowley,* 102 NY 234, 238; 4 Jones, Evidence [6th ed], § 29:11). Titone, J. P., Hawkins, Suozzi and Mollen, JJ., concur.