■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LO PRIMO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 15, 1977, convicting him of criminal possession of a weapon in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. The defendant was indicted for the crimes of reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal mischief in the fourth degree. He was acquitted by the jury of reckless endangerment in the first degree and found guilty of criminal possession of a weapon in the third degree and criminal mischief in the fourth degree. For the following reasons, we reverse the judgment and direct a new trial. 1. The defendant testified that at the time of the incident out of which the charges arose, he was in the company of Sharon Coyne. His counsel had not served the alibi notice required by statute (CPL 250.20) and, consequently, Sharon Coyne, though available and willing to testify, was prevented from substantiating the alibi testimony of the defendant. The prosecution argues that Coyne's testimony would, at most, have been corroborative and would have been subject to impeachment on account of her close relationship with the defendant. That argument is more properly addressed to the jury, and we think that the defendant was deprived of the effective representation of counsel by the failure of the defendant's trial counsel to serve the notice—a basic requirement "of criminal law and procedure" (see *People v Droz*, 39 NY2d 457, 462; *People v Aiken*, 45 NY2d 394, 400, 401). 2. The court charged that the jury could consider the "alleged possession of and pointing of a gun by a defendant on a prior occasion as claimed by the mother * * * when defendant is alleged to have attempted to force himself into her house, that and any other proof which you find did reinforce or help establish the People's charges against this defendant." An exception was taken to this instruction. In effect, the charge permitted the jury to infer the criminal possession of a weapon at the time in issue because the defendant on prior occasions had possessed a gun. This was error (see *People v Mayrant*, 43 NY2d 236, 239). Prior immoral or criminal acts bear on credibility and may not be used to establish a propensity to commit the crime for which the defendant has been indicted *(People v Zachowitz*, 254 NY 192, 198). 3. The jury had been sequestered for the last three days of the trial. It retired at 2:20 P.M. It returned twice for further instructions. At 1:45 A.M. the jurors asked for coffee and were told by the court that none was available. At 2:30 A.M. the jury returned again and requested additional instructions and asked whether it could recess and continue its deliberations. The court gave the instructions requested and then said: "Ladies and gentlemen, the hour is now 2:30 in the morning. I would respectfully suggest that you continue

deliberations for at least another half hour. Whether or not we can get you into a hotel or a motel at this hour is very, very questionable, but try for another half hour and see the best you can do." The jury returned at 2:55 A.M. with its verdict. Under the circumstances we think that the court's answer to the jury, given the hour, the length of its deliberations, and the fact that for the previous three nights the jury had been sequestered, had the effect of coercing a verdict (see *People v Henry,* 56 AD2d 610, 611). Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.