■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ROBINSON, Appellant. — Judgment, Supreme Court, Bronx County (Ciparick, J.), rendered July 8, 1980, convicting defendant, upon a jury verdict, of sexual abuse in the first degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 2½ to 5 years, unanimously reversed, on the law, and the action remanded for a new trial. On the afternoon of the second day of deliberations, the jury reported that it was "hopelessly

deadlocked", whereupon the court rendered a supplemental charge as follows: "I am just going to remind you of your obligation and of your sworn duty as jurors and of the instruction that I gave you earlier to deliberate with an open mind, to listen to what your fellow jurors have to say, to try to reconcile your differences to reach a verdict. Of course, if you are convinced of your position no one would compel you to reverse your position but those of your *[sic]* representing the minority voters, I would ask you to, all of you, go back inside and discuss some more. Re-think, keep an open mind and try to reach a conclusion to this case. So, we will send you back in to continue deliberating." Defense counsel promptly objected to the court's use of the language addressed to the "minority voters". Later that evening, before sequestering the jury for the night, the court rendered a further supplemental charge, in pertinent part as follows: "I do not know when I will see you tomorrow but I just want to remind you again that you have a responsibility. I don't know what the vote was and I do not want to know what the vote was but you do have a responsibility to reconcile your views, if you can. You do have a responsibility to deliberate with an open mind. You have a responsibility to listen attentively and carefully to your fellow jurors and you have a responsibility to reach a verdict and I trust that all of you are exercising that responsibility to their utmost." Defense counsel duly indicated an "exception to the phrase that they have a responsibility to reach a verdict." Late the following afternoon, the jury still being deadlocked, the court rendered a further supplemental instruction, as follows: "I want to remind all of you, I do not know what the vote is. I do not know whether you have taken one this afternoon or this morning but I am going to ask that whoever is in the minority to please pay close attention to those charges, to please listen to your fellow jurors, to please try to reconcile your differences. Hopefully, this will assist those of you who might be the minority voters. Again, you have the right, as I have indicated before — you certainly have the right to stick to your conclusions. However, make every effort not to prejudice the outcome of this case. So, I'm going to ask you to go back inside with the assistance of the aid of the charge and try to reconcile your differences." Defense counsel again excepted to the court's reference to "the minority voters". Some three hours later, the jury reported that it had arrived at a verdict finding the defendant not guilty of the crime of rape in the first degree but convicting him of the crime of sexual abuse in the first degree. Defendant properly contends that the charge was coercive and unbalanced. Although it is appropriate to render a supplemental charge to a jury which reports a deadlock, such charge should not be coercive *(People v Graham,* 48 AD2d 646, affd 39 NY2d 775). It may stress the importance of reaching a verdict but it may not properly direct that the jury has an obligation to do so where one or more jurors has a conscientious belief which differs from the others *(People v Ali,* 65 AD2d 513, affd 47 NY2d 920). Moreover, any instruction to attempt to reconcile their views must be addressed to all of the jurors and not to the minority, assuming there is a minority *(Acunto v Equitable Life Assur. Soc. of U. S.,* 270 App Div 386; *Field v Field,* 283 App Div 372). The charge, as given and repeated, was plainly coercive. There was no instruction to the majority to reconcile their views with the minority. The instruction to reconcile was addressed only to the minority. Moreover, coupled with the proper instruction respecting the importance of a jury verdict, there was an improper instruction that there was a duty to arrive at a verdict *(People v Martino,* 56 AD2d 799; see *People v Pagan,* 45 NY2d 725). There is no such duty and such instruction was improper *(People v Carter,* 40 NY2d 933). There was an imbalance in the court's supplemental charge which may have had a coercive effect upon the jury. We note the suggestion of the Court of Appeals in *People v Ali* (47 NY2d 920, 921, *supra): "we would add that instead of giving a

special supplemental charge to a deadlocked jury, the court in its initial charge might well instruct the jury as to the nature of its duties in the course of deliberation (see PJI 1:28), and then, should the jury fail to reach a verdict, repeat the instruction (see Comment NY PJI2d, 1:100; ABA, Standards Relating to Trial By Jury, § 5.4)." These errors require reversal, as a matter of law, and we so direct. Moreover, in remanding for a new trial we note that the Assistant District Attorney's conduct may well have deprived defendant of a fair trial. He repeatedly directed defense counsel not to make objections and was critical of such objections. He argued with the court incessantly over rulings on objections. He continued, both in interrogating witnesses and in his summation, in following the very course which the court had correctly ruled was improper. In addition, over objection and instructions by the court, he purported to give legal instructions to the jury, vouched for the credibility of witnesses, made himself an expert on a medical matter unsupported by any evidence in the record and, with respect to resistance, told the jury "I tell you" that the victim "resisted to the extent required of her by law, morality and everything else." When the court sustained the defendant's objections to this statement, the Assistant District Attorney stated "[t]his is argument. This is summation * * * If I can't make conclusions I can't make any arguments." There should be no repetition of this course of conduct upon a new trial. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Fein, JJ.