■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SOBCZAK, Appellant. — Judgment unanimously reversed, on the law and facts, plea vacated and defendant remanded to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: Defendant entered a plea of guilty to a charge of robbery in the first degree as set forth in the third count of the indictment. That count alleged that during the commission of the crime, defendant "displayed what appeared to be a revolver". On the plea allocution, defendant admitted that he displayed a revolver but stated that it contained no bullets. That assertion prompted the court to inquire "The gun wasn't loaded?" and defendant answered "No, sir."

It is an affirmative defense to robbery in the first degree that the weapon used during the commission of the crime was not loaded (Penal Law, § 160.15, subd 4). It was thus error for the court to accept defendant's plea without making further inquiry to establish its basis (*People v Serrano,* 15 NY2d 304; *People v Royster,* 91 AD2d 1074; *People v Hassan,* 79 AD2d 713).

We reject the People's argument that because defendant did not move to vacate his plea prior to sentencing, the issue is not preserved for review (see *People v Moore,* 91 AD2d 1050). It is the rule that a claimed deficiency in plea allocution is not preserved for review where it was not raised "by motion to

vacate *or otherwise* in the court of first instance" (*People v Pellegrino,* 60 NY2d 636, 637; emphasis supplied; *People v Bell,* 47 NY2d 839, 840; *People v Warren,* 47 NY2d 740, 741). Obviously, the issue was raised, and thus preserved where, as here, the defendant's affirmative statements that the gun was not loaded "should have alerted the court to the insufficiency of his guilty plea and should have led it initially to refuse that plea" (*People v Serrano, supra,* p 309). (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — robbery, first degree.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.