■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED MCINTOSH, Appellant

Memorandum: Defendant was convicted, upon his guilty plea, of attempted murder in the first degree. During the plea allocution, defendant insisted that he did not point a gun at a police officer and that, when he first saw the officer, he threw the gun to the ground, causing it to fire accidentally. Once defendant cast doubt upon his guilt by denying that he

committed an essential element of the crime, the court should not have accepted the plea without making further inquiry into the basis for it to ensure that the defendant was aware of what he was doing *(see, People v Serrano,* 15 NY2d 304; *People v Bouges,* 129 AD2d 967; *People v Sobczak,* 105 AD2d 1053).

We reject the People's argument that because defendant failed to move to vacate the plea or judgment, the issue was not preserved for our review. Where, as here, the record of the plea proceedings reveals the insufficiency, the plea allocution can be reviewed on appeal *(People v Angelakos,* 70 NY2d 670; *People v Cooks,* 67 NY2d 100; *People v Sobczak, supra).* Accordingly, we vacate the plea and remand defendant for further proceedings on the indictment. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—attempted murder, first degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.