■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. BARRET, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Warren County (Moynihan, J.), rendered November 17, 1987, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

The charges in this case arose out of defendant's purported sale of a quantity of cocaine to Adrian Fordrung, a police informant, during the late afternoon of November 19, 1986. The People's proof demonstrated that shortly after 3:00 P.M., Fordrung, who was wearing a transmitting device being monitored by Investigator James Goblet, accompanied Vernon Potter to defendant's residence on South Street in the City of Glens Falls, Warren County. Finding no one at home, they returned shortly thereafter. Potter entered defendant's residence and returned moments later, indicating that defendant would bring the cocaine to Potter's nearby residence "between four and four-thirty". The two then went to Potter's residence. According to both Fordrung and Goblet, defendant arrived at approximately 4:10 P.M., entered the Potter residence and

completed the sale transaction. Defendant denied these allegations, asserting that he was at work in the Town of Clifton Park, Saratoga County, on the afternoon in question. After a jury trial, defendant was convicted as indicated above and sentenced to, *inter alia,* concurrent prison terms of 7 to 21 years on each of the felony convictions.

On this appeal, defendant primarily contends that trial counsel committed a variety of errors that essentially served to deprive him of the effective assistance of counsel. We agree. Generally, the concept of meaningful representation is gauged in terms of the existing evidence, the relevant law and the prevailing circumstances of the case at hand *(see, People v Baldi,* 54 NY2d 137, 146-147). Here, as indicated, counsel did pursue a viable alibi defense, with defendant testifying that he was at work when the sale transaction occurred. Nonetheless, certain improprieties did arise which we find cumulatively deprived defendant of a fair trial.

Initially, it is significant that counsel was himself under indictment on unrelated cocaine charges and repeatedly informed prospective jurors of this fact during voir dire. Given the publicity attendant counsel's personal predicament, we do not question his decision to so inform the jurors, but we do have serious reservations as to counsel even undertaking the defense of a case involving the sale of cocaine, the same drug in the charges against himself. Although the individual jurors responded that this information would not influence their decision, the potential for prejudice is readily apparent *(see, Irvin v Dowd,* 366 US 717).

A number of trial errors are pertinent. Counsel's failure to file an alibi notice precluded testimony from defendant's fiancée that he was working in Clifton Park during the relevant time frame. Although she did testify that defendant did not return home until after 5:00 P.M., it is clear the alibi defense was inhibited. Counsel elicited extremely damaging testimony during his cross-examination of the informant and the direct examination of the fiancée. Specifically, at counsel's behest, Fordrung affirmed that defendant previously sold him drugs and the fiancée confirmed that defendant personally used drugs. Moreover, despite receiving a favorable *Sandoval* ruling excluding any questioning into defendant's criminal background, a previous conviction for marihuana possession and a harassment charge were both explored by counsel on direct examination of defendant *(see, People v Ofunniyin,* 114 AD2d 1045). The resulting prejudice from this line of questioning is evident and can hardly be excused under the guise of

"trial strategy" *(cf., People v Satterfield,* 66 NY2d 796, 799-800). Counsel was further remiss in failing to object when Goblet identified defendant's voice during the exchange at Potter's house via the monitoring device. Although Goblet observed defendant enter Potter's house, the investigator did not witness the transaction and no foundational predicate was demonstrated for this voice identification. Moreover, when the People's expert witness simply explained that he performed "tests" on the material sold to identify it as cocaine, no attempt was made to explore whether these tests involved known standards requiring a foundational basis *(see, People v Harris,* 130 AD2d 939, *lv denied* 70 NY2d 647; *People v Flores,* 138 AD2d 512, *lv denied* 72 NY2d 859). Finally, defendant understandably highlights one incident when defense counsel, after unsuccessfully attempting to phrase a question to a defense witness on redirect, actually acceded to the District Attorney's offer to rephrase the question for him. This occurrence speaks for itself.

After carefully reviewing the entire record, we conclude that counsel's participation was so detrimental that defendant was effectively deprived of a fair trial. Having so determined, we need not address defendant's remaining contention.

Judgment reversed, on the law, and matter remitted to the County Court of Warren County for a new trial. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.