■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. MACKEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered May 26, 1989, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

On May 5, 1989, defendant, through his counsel, offered to plead guilty to the two counts of criminal sale of a controlled substance alleged in the indictment. County Court explained the rights defendant would relinquish by the plea, defined the crime as encompassing the sale of cocaine, and agreed that the court had previously committed itself to a sentence of not more than 5 to 10 years but that defense counsel could seek a more lenient sentence. Defendant then admitted that he was approached by a person named Ridley to "get some drugs for him" and agreed to do so for $60. Defendant also admitted that on November 10, 1988 at about 12:30 A.M., at the State Street entrance to Bliss Towers in the City of Hudson, Columbia County, he obtained the cocaine, turned it over to Ridley and received $40, but "had to bring the money back". This last phrase is not explained or amplified. Defendant then entered a plea of guilty to the first count of the indictment. The plea allocution also reveals that about 10:00 P.M. on that same day at the same location, defendant stated that he was again approached by Ridley who "wanted to buy drugs". Ridley specifically stated that he wanted four vials of crack, which defendant obtained. According to defendant, he sold "those to Mr. Ridley" for what defendant remembers to be $60. Defendant then entered a plea of guilty to the second count of the indictment. County Court mentioned that defendant had a prior felony offense within recent years and ordered a presentence report from the Department of Probation. At the sentencing hearing, defendant moved to withdraw his prior plea and requested a trial as soon as possible. The

reasons given were ineffective assistance of counsel and defendant's misunderstanding of what his sentence would be. The District Attorney's objection to this motion was sustained and the court proceeded to sentence defendant as a second felony offender after defendant admitted the prior felony. The District Attorney recommended a prison sentence of 5 to 10 years. Defense counsel recommended the minimum sentence permitted. The court imposed the minimum sentence of 4½ to 9 years in prison on each count, with the sentences to run concurrently.

On this appeal, defendant urges that he should be permitted to withdraw his plea for the reason, advanced here for the first time, that he acted as agent of the buyer and was not a seller. In our opinion, the facts recited above are unambiguous and do not accommodate to defendant's contention that he was acting as the agent of the buyer. The possibility of such an agency relationship should not now inure to defendant's benefit when it was not raised in County Court and when he received the minimum sentence allowable to him as a prior felony offender. The facts recited in the allocution were adequate to sustain the plea. In his own words, defendant admitted to two sales, one for $40 and the second for $60. The allocution indicates that defendant knowingly, voluntarily and intelligently waived his rights and entered his plea *(see, People v Harris,* 61 NY2d 9). A defendant who accepts such a bargained for plea forfeits his right to challenge the factual basis for the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Clairborne,* 29 NY2d 950, 951). Defendant received more than the benefit of his plea bargain in the minimum sentence imposed. We see no reason, therefore, to interfere with the judgment in the interest of justice *(see, People v Nasti,* 90 AD2d 507). The judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.

Yesawich, Jr., J., dissents and votes to reverse in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent.

Although defendant did not raise the agency defense as a ground to vacate his plea, he is not for this reason necessarily precluded from raising this issue for the first time on appeal *(see, People v McIntosh,* 140 AD2d 948, 949; *People v Sobczak,* 105 AD2d 1053, 1054; *see also, People v Cooks,* 67 NY2d 100, 103, n 1, 104). Nor in this instance should he be, for the facts recited in the allocution do not, in my view, clearly and unambiguously rule out defendant's claim that he acted as the buyer's agent.

With respect to the first transaction, defendant recounted that when approached by the buyer, Ridley, he told him that he did not have any drugs and that he "wouldn't cop" for him. Defendant did agree, however, to get him the drugs for $60. After three attempts, defendant secured the drugs and delivered them to Ridley. The latter, who earlier had refused to trust defendant with any funds to buy the drugs, then paid defendant $40 which defendant stated he had "to bring * * * back". To whom the money was to be brought was not probed.

As for the second transaction, defendant recited that Ridley wished to purchase four vials of crack. When asked whether he had sold Ridley the crack, defendant answered, "No, I wouldn't cop for him. I went and got it for him." In response to the very next question put to him, however, defendant contradicted himself and stated that he did sell the crack to Ridley. These contradictory responses went unexplored. Thus, in both transactions the buyer initially requested drugs to which defendant replied he would not "cop" (a term whose meaning is unexplained) for the buyer, but would go and get the drugs for him.

The facts developed during the allocution lend themselves to different interpretations. One explanation is that defendant acted as the buyer's agent, that he procured the drugs at the buyer's behest and not out of any independent desire or inclination to promote the transaction (see, People v Argibay, 45 NY2d 45, 53-54, cert denied sub nom. Hahn-Di Guiseppe v New York, 439 US 930). Nothing in the record gives any inkling that defendant was previously acquainted with the buyer or that defendant exhibited salesmanlike behavior (see, People v Matos, 123 AD2d 330, 331), or acted primarily for his own benefit as a broker between the seller and the buyer (see, People v Argibay, supra). Finally, it is worth noting that while the record discloses that defendant received money from the buyer, it does not conclusively establish that defendant profited from either transaction.

The possibility that defendant acted as the buyer's agent should have prompted County Court to examine further the circumstances surrounding the sale; such an inquiry was necessary to determine whether defendant's plea was voluntarily and knowingly made (see, People v Jackson, 54 AD2d 1132; see also, People v Diaz, 97 AD2d 851). If indeed defendant acted solely as the buyer's agent, then defendant is guilty of possession, not sale (see, People v Lam Lek Chong, 45 NY2d 64, 74, cert denied 439 US 935). In sum, I believe the inadequacy of the plea allocution mandates a reversal of the

judgment of conviction, vacatur of the plea and a remittal to County Court for further proceedings on the indictment.