■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY F. BARBER, Appellant. [610 NYS2d 416] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of burglary in the first degree, robbery in the first degree, and grand larceny in the third and fourth degrees. The conviction arises out of the armed robbery of an elderly couple in their home on the grounds of a mobile home park that they operated in Blossvale, New York. The victims had known defendant for years. Defendant's former wife testified that she overheard defendant planning the robbery with codefendant Vargas. Vargas pleaded guilty and testified against defendant at trial.

We reject the contention that defendant was deprived of

effective assistance of counsel by the failure of his retained pretrial counsel to file a timely notice of alibi or any other written pretrial motions. A claim that counsel failed to make a particular pretrial motion does not, by itself, establish ineffective assistance of counsel (see, People v Rivera, 71 NY2d 705, 709; People v De Mauro, 48 NY2d 892; People v Harris, 163 AD2d 898, 899, lv denied 76 NY2d 893; People v Schuler, 158 AD2d 922, lv denied 76 NY2d 742; People v Williams, 140 AD2d 969, 970). Counsel's failure to file a timely notice of alibi as required by CPL 250.20 could be considered ineffective assistance of counsel if it precludes defense counsel from presenting an alibi defense (see, People v Barret, 145 AD2d 842, 843, lv denied 77 NY2d 903; People v Lo Primo, 69 AD2d 890). Defendant has failed to demonstrate, however, that he had an alibi defense or that his attorney's decision not to call the alleged alibi witnesses was clearly prejudicial to him and not the result of defense strategy (see, People v Ford, 46 NY2d 1021, 1023).

In his pro se supplemental brief, defendant raises claims of error with respect to the prosecutor's summation and the court's instructions to the jury. Because defendant did not object to either the prosecutor's comments or the court's instructions, those issues have not been preserved for review (see, CPL 470.05 [2]). We have reviewed the remaining contentions raised in defendant's pro se supplemental brief and find them to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 1st Degree.) Present— Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.