■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW E. MOSHER, Appellant. [636 NYS2d 246] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Cayuga County Court for further proceedings on the indictment. Memorandum: In the usual case, a defendant cannot obtain appellate review of the alleged insufficiency of a plea allocution unless defendant has moved to vacate the plea or moved to vacate the judgment pursuant to CPL 440.10 *(People v Johnson,* 82 NY2d 683, 684). Where defendant's utterances at the time of the plea cast significant doubt upon the voluntariness of the plea, however, the court must conduct further inquiry to ensure that defendant's plea is knowing, intelligent and voluntary *(People v Lopez,* 71 NY2d 662, 666; *People v Francis,* 38 NY2d 150, 153). When the court fails in that duty and accepts the plea without further inquiry, defendant may

challenge the sufficiency of the allocution on direct appeal, despite the absence of a formal postallocution motion *(People v Toxey,* 86 NY2d 725, 726; *People v Lopez, supra,* at 666; *People v Simone,* 179 AD2d 694, 695; *People v Sobczak,* 105 AD2d 1053, 1053-1054).

Defendant's colloquy clearly raised a possible agency defense to the charge of criminal sale of a controlled substance in the third degree. County Court should have conducted further inquiry on the record to ensure that defendant was aware of the defense and was knowingly, voluntarily and intelligently agreeing to waive it *(see, People v Simone, supra; People v Sobczak, supra).* The court conducted no further inquiry on the record, but rather, went off the record. After a pause in the proceedings, the court accepted defendant's plea of guilty without further comment. That was error. A silent record is not sufficient to assure this Court that defendant's plea was voluntary *(see, People v Bouges,* 129 AD2d 967, 968), nor did the remarks of counsel at sentencing concerning the waiver of the agency defense cure the court's failure to conduct further inquiry on the record prior to accepting defendant's plea of guilty. (Appeal from Judgment of Cayuga County Court, Corning, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.