■ KRISTOPHER EPES et al., Appellants, v THOMAS HEALEY et al., Respondents. [641 NYS2d 344] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated January 17, 1995, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is reinstated.

When charging a jury, " '[t]o say to a minority that they should re-examine their views in the light of the opinion held by the majority, without putting a like duty on the majority respecting the opinion of the minority, is wrong. The minority may be right and the majority wrong' " (*Field v Field,* 283 App Div 372, 374, quoting *Acunto v Equitable Life Assur. Socy.,* 270 App Div 386, 388; *see also, People v Henry,* 56 AD2d 610). In this case, the Supreme Court improperly directed the jurors in the minority "to think a little bit to see why you're in the minority when other jurors who are equally intelligent as you

have a different view. Maybe if you take that tact [*sic*] * * * you might be in a position possibly to change your mind about the verdict." This attempt to coerce the jurors should have been avoided (*see, People v Sheldon,* 156 NY 268, 282) and requires reversal (*see, People v Tempera,* 94 AD2d 748; *People v Robinson,* 84 AD2d 732; *Field v Field, supra*).

The parties' remaining contentions are academic in light of our determination. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.