■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE WATERMAN, Appellant. [645 NYS2d 666] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a guilty plea, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana. We reject the contention of defendant that he was deprived of effective assistance of counsel by the failure of his attorney to make a timely pretrial suppression motion. A contention "that counsel failed to make a particular pretrial motion does not, by itself, establish ineffective assistance of counsel" (*People v Barber*, 202 AD2d 978, 979, *lv denied* 83 NY2d 908; *see, People v Rivera*, 71 NY2d 705, 709). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (*People v Garcia*, 75 NY2d 973, 974, quoting *People v Rivera, supra*, at 709). Defendant has failed to demonstrate, on this record, that his attorney's decision to file a late suppression motion was prejudicial to him and not the result of defense strategy (*see, People v Barber, supra*; *see also, People v Ford*, 46 NY2d 1021, 1023).

Defendant also contends that his plea must be vacated because County Court failed in its duty to make further inquiry of defendant after defendant's initial recitation of the facts cast doubt upon defendant's guilt. It is well settled that, generally, "a defendant cannot obtain appellate review of the alleged insufficiency of a plea allocution unless defendant has moved to vacate the plea or moved to vacate the judgment pursuant to CPL 440.10" (*People v Mosher*, 222 AD2d 1034; *see, People v Johnson*, 82 NY2d 683, 684). Where, however, a defendant's recitation of the facts casts significant doubt upon defendant's guilt or otherwise calls into question the voluntariness of the plea, the court must conduct further inquiry to guarantee that defendant's plea is knowing, intelligent and voluntary (*see, People v Lopez*, 71 NY2d 662, 666). When the court fails in that duty, a defendant may challenge the sufficiency of his plea allocution on direct appeal, even in the absence of a motion to vacate (*see, People v Lopez, supra*, at 666; *see also, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Mosher, supra*).

The record establishes that, during the plea colloquy, defendant initially denied that he knowingly possessed the drugs

that were the subject of the first two counts of the indictment. The court immediately conducted further inquiry of defendant. Thereafter, defendant admitted that he knowingly possessed those drugs. Thus, the court met its duty to make further inquiry and the record establishes that defendant's plea was entered knowingly, voluntarily and intelligently (*see, People v Herzog,* 219 AD2d 876, *lv denied* 87 NY2d 922). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Wesley, Doerr, Davis and Boehm, JJ.