■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURICE HOWARD, Appellant. [652 NYS2d 450] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was denied effective assistance of counsel based upon counsel's failure, in moving for suppression of defendant's

statement and physical evidence seized by the police, to challenge the legality of defendant's arrest pursuant to *Payton v New York* (445 US 573). Defendant has not met his burden of demonstrating "the absence of strategic or other legitimate explanations for counsel's failure to pursue" the *Payton* issue (*People v Garcia*, 75 NY2d 973, 974).

After defendant gave an equivocal response when asked whether he shot the victim, County Court fulfilled its duty to make further inquiry to ensure that defendant's guilty plea was entered knowingly, voluntarily and intelligently (*see, People v Lopez*, 71 NY2d 662, 666; *People v Waterman*, 229 AD2d 1013; *People v Herzog*, 219 AD2d 876, *lv denied* 87 NY2d 922). The record of the *Huntley* hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights. The court properly denied defendant's motion to suppress the weapon seized by the police without conducting a hearing (*see*, CPL 710.60 [3] [b]). "[D]efendant's moving papers contained no sworn factual allegations demonstrating a personal, legitimate expectation of privacy in the premises from which the [weapon was] recovered" (*People v Paredes*, 179 AD2d 440, *lv denied* 79 NY2d 951). We have considered defendant's remaining contention and conclude that it has no merit. (Resubmission of Appeal from Judgment of Onondaga County Court, Elliott, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.