■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WATSON, Appellant. [704 NYS2d 396] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) for intentionally causing serious physical injury to his 2½-year-old son by burning him with scalding water and assault in the second degree (Penal Law § 120.05 [1]) for beating him. Defendant's contention that the evidence is legally insufficient to support the conviction is not preserved for our review (*see, People v Gray*, 86 NY2d 10, 19). Were we to reach the merits of that contention, we would conclude that the evidence is legally sufficient. The standard for appellate review of legal sufficiency is the same regardless of whether the case is based on circumstantial or direct evidence (*see, People v Williams*, 84 NY2d 925, 926). We conclude that there is a valid line of reasoning and permissible inferences to lead a rational person to the conclusion that defendant was the perpetrator of both assaults on the child and that both were intentional.

Defendant's girlfriend gave a statement to the police that implicated defendant in the assault, and the testimony at trial placed the child in defendant's sole custody at the time when the injuries occurred. Further, sufficient evidence of defendant's intent to harm the child may be inferred from the surrounding circumstances of the assaults (*see, People v Steinberg,* 79 NY2d 673, 682; *see also, People v Hayes,* 163 AD2d 165, 166, *affd* 78 NY2d 876).

Supreme Court properly precluded defendant's alibi witnesses from testifying because defense counsel failed to file the appropriate notice (*see,* CPL 250.20) and failed to offer a reasonable excuse for that failure (*see, People v Millio,* 226 AD2d 1071, *lv denied* 88 NY2d 990; *see also, People v Bembry,* 258 AD2d 921, *lv denied* 93 NY2d 897). We note that failure to file an alibi notice may be considered ineffective assistance of counsel if it precludes a viable alibi defense (*see, People v Barret,* 145 AD2d 842, 843; *People v Barber,* 202 AD2d 978, 979, *lv denied* 83 NY2d 908). That issue is not properly addressed on direct appeal, however, because it involves facts dehors the record (*see, People v McDonald,* 255 AD2d 688; *see also, People v Alvarez,* 223 AD2d 401, *lv denied* 88 NY2d 980; *People v Donato,* 202 AD2d 1010, 1011, *lv denied* 83 NY2d 871), including the content of the evidence precluded and whether the absence of that evidence prejudiced defendant.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Assault, 1st Degree.) Present—Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.