Carpinello, J.
Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 12, 2001, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the third degree.
By 12-count indictment, defendant was charged with burglary, robbery and other crimes stemming from a street mugging and a home invasion in the City of Schenectady, Schenectady County. After a jury trial, defendant was convicted of the 10 counts of the indictment that related to the home invasion and acquitted of the remaining charges. County Court sentenced defendant to consecutive 25-year prison terms for his robbery in the first degree conviction and for one burglary in the first degree conviction, with lesser concurrent sentences on the remaining convictions. Defendant appeals.
Initially, we reject defendant’s challenge to the legal sufficiency of the evidence. The trial testimony of several witnesses established that defendant and another individual forced their way into a residence, displayed several handguns and demanded money from individuals present in the home. A struggle ensued *708 and defendant shot one of the victims in the shoulder. He and his cohort then fled with $35 stolen from the homeowner. Defendant testified that he had been visiting his grandmother in New York City at the time of the crime, a version of events corroborated by the testimony of his mother and a friend.
Viewing this evidence in the light most favorable to the prosecution, a rational jury could have concluded beyond a reasonable doubt that defendant, while armed with a loaded firearm, unlawfully entered the home with intent to commit armed robbery, forcibly stole property with the aid of another and, in the course of the robbery, intentionally shot and injured a nonparticipant (see People v Taylor, 94 NY2d 910, 911 [2000]; People v Contes, 60 NY2d 620, 621 [1983]). Accordingly, we find this evidence legally sufficient to support each of defendant’s convictions. Further, viewing the evidence in a neutral light and deferring to the jury’s credibility determinations, we likewise conclude that the verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant’s claim of ineffective assistance of counsel predicated on defense counsel’s failure to file a timely notice of alibi. Although defendant maintains that he was visiting his grandmother at the time of the crime, defense counsel did not give timely notice of this potential alibi witness. Counsel instead moved in limine during jury selection for leave to file a late notice of alibi, which motion was denied.
A defense counsel’s failure to file a timely notice of alibi can constitute ineffective assistance if a defendant is prevented from presenting an alibi defense (see People v Barber, 202 AD2d 978, 979 [1994], lv denied 83 NY2d 908 [1994]). However, a claim of this type cannot properly be addressed on direct appeal because it requires speculation as to facts outside the record, namely, “the anticipated testimony of defendant’s desired witnesses and their likely effectiveness in supporting an alibi defense” (People v McDonald, 255 AD2d 688, 688 [1998]; see People v Watson, 269 AD2d 755, 756 [2000], lv denied 95 NY2d 806 [2000]). In any event, defendant and others testified at trial that he was in New York City at the relevant time and this claim was obviously rejected by the jury.
Turning to defendant’s challenges to the legality and severity of his sentence, defendant primarily contends that County Court improperly imposed consecutive sentences for his robbery and burglary convictions. We disagree. Although concurrent sentences must be imposed “for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a *709 material element of the other” (Penal Law § 70.25 [2]), consecutive sentences are permissible where the crimes involve separate and distinct actions (see People v Laureano, 87 NY2d 640, 643 [1996]; People v Brown, 80 NY2d 361, 364 [1992]). Here, the conduct supporting defendant’s robbery conviction was his forcible stealing of money while armed with a firearm, whereas the burglary conviction was based upon his unlawful entry into the home and subsequent shooting of a nonparticipant in the crime. Because these offenses involved separate and distinct actions, consecutive sentencing was permissible (see People v Lee, 92 NY2d 987, 989 [1998]).
Finally, in light of the seriousness of this crime and the danger such conduct poses to the community, we cannot say that County Court’s imposition of the maximum allowable sentence for each conviction was an abuse of discretion and we see no extraordinary circumstances warranting modification of these sentences in the interest of justice (see People v Horsey, 304 AD2d 852, 854 [2003]; People v Dolphy, 257 AD2d 681, 685 [1999], lv denied 93 NY2d 872 [1999]).
Crew III, J.P, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.