■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MILAZO, Appellant. [795 NYS2d 418]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 12, 2003, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

---

On December 17, 2002, Michael Agati, a police officer, stopped a 1994 Oldsmobile Cutlass driven by defendant. He observed that the steering column was smashed and that wires were exposed. Defendant denied ownership of the car but stated that James Klein, the passenger, had borrowed it from a friend. A search of Klein revealed numerous tools which he explained he used to pry open the steering panel and cut the wires of the car. Klein later admitted to Lewis Cioci, another police officer who arrived on the scene, that he and defendant stole the vehicle. Defendant and Klein were indicted for the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. Following a jury trial, defendant was acquitted of the grand larceny charge but convicted of the stolen property charge. He appeals and we reverse.

At trial, Agati and Cioci described their interaction with Klein and defendant on December 17, 2002. Despite objections by defense counsel, the jury was told of Klein's admissions.* After the prosecution rested, defendant attempted to call his father. Although the prosecution and the jury had been advised that the father was a potential witness, his testimony was excluded by County Court upon its determination that the proposed testimony was alibi testimony for which no proper notice had been given (see CPL 250.20). Apparently, defendant's father intended to testify that on the day that the car was stolen, he and defendant were having lunch in his apartment when Klein arrived and invited defendant to run some errands with him. Klein then asked the father to give him money to purchase a new ignition switch, explaining that he had to break into the ignition of a used car that he recently purchased because he lost the ignition key. Defendant challenges the characterization of the father's proposed testimony as alibi testimony. Alternatively, he argues that even if a portion of such testimony should have been precluded, County Court could have permitted that portion of his testimony concerning his father's conversation with Klein so as to rebut the presumption that arises from defendant's recent possession of stolen property. Defendant also asserts that the exclusion of his father's testimony had a chilling effect upon his own testimony because had he testified about the conversation that took place between himself, Klein and his father, the jury would have questioned the absence of his father's testimony as corroboration. Finally, he contends that if

---

* Klein was not tried with defendant. Thus, although not argued on appeal, defendant properly preserved a *Crawford* challenge (*Crawford v Washington*, 541 US 36 [2004]) to the testimony revealing Klein's admissions (*see People v Ryan*, 17 AD3d 1, 6-7 [2005]).

such testimony was indeed alibi testimony, counsel's failure to have provided the requisite notice relegated the representation ineffective.

Defendant's father's testimony was properly considered alibi testimony; the car was stolen between 12:15 P.M. and 3:30 P.M. During that time, defendant and his father were visited by Klein (*compare People v Cuevas*, 67 AD2d 219, 226 [1979]). While a claimed failure to make a pretrial motion does not necessarily constitute ineffective assistance of counsel, the failure to timely file a notice of alibi may be considered ineffective assistance if it precluded the presentation of an alibi defense which could have changed the outcome of the case (*see People v Douglas*, 296 AD2d 656, 657 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Barret*, 145 AD2d 842, 843-844 [1988], *lv denied* 77 NY2d 903 [1991]; *People v Lo Primo*, 69 AD2d 890 [1979]). Here, there was no strategic or legitimate explanation for counsel's failure to pursue this defense (*see People v Cleveland*, 281 AD2d 815, 816 [2001], *lv denied* 96 NY2d 900 [2001]). Had defendant's father been permitted to testify, his recount of the conversation with Klein and his testimony concerning the whereabouts of defendant would have given the jury conflicting evidence concerning the acquisition and ownership of the car. Given that the defense presented no witnesses or documentary evidence and that a verdict was reached within 20 minutes of the commencement of deliberations, "the evidence, the law, and the circumstances of [this] particular case, . . . in [its] totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]), demonstrate that meaningful representation was not provided.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of Broome County for a new trial.