■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEDIDIAH DJANIE, Appellant. [817 NYS2d 783]—

Mercure, J.P. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered May 4, 2004, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree, attempted robbery in the second degree and attempted robbery in the third degree.

Following a jury trial, defendant and codefendant Oluseyi Osinowo were convicted of attempted robbery in the first degree, attempted robbery in the second degree and attempted robbery in the third degree, and each was sentenced to an aggregate prison term of seven years.[1] Upon his appeal, defendant argues that his conviction was not supported by legally sufficient evidence. We disagree.

At trial, the victim testified that one codefendant pulled out a gun and hit him with it while the other codefendant punched him in the head when he refused their demands for money. Further, two witnesses testified that one of the perpetrators involved in the incident fired the gun in the victim's direction. Viewing this evidence in a light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the jury could rationally find that codefendants, acting in concert with each other, attempted to forcibly steal property from the victim while one of the codefendants displayed what appeared to be a firearm, and, thus, the People established the elements of attempted robbery in the first and second degrees (see Penal Law §§ 110.00, 160.10 [1]; § 160.15 [4]; People v Harris, 19 AD3d 871, 872-873 [2005], lv denied 5 NY3d 806 [2005]; People v Valderrama, 285 AD2d 902, 903-904 [2001], lv denied 97 NY2d 659 [2001]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that his conviction of attempted robbery in the third degree must be reversed inasmuch as that count is an inclusory concurrent count of attempted robbery in the first degree (see CPL 1.20 [37];

---

1. The underlying facts are more fully set forth in our prior decision affirming Osinowo's conviction (People v Osinowo, 28 AD3d 1011, 1012 [2006]).

300.30 [4]; 300.40 [3] [b]; *People v Harp*, 20 AD3d 672, 674 [2005], *lv denied* 5 NY3d 852 [2005]; *People v Bailey*, 295 AD2d 632, 635 [2002], *lv denied* 98 NY2d 766 [2002]).

We further reject defendant's argument that County Court erred in denying his request to call an alibi witness to testify that codefendants were with the witness at a card game around 6:00 P.M., approximately the time that the incident occurred. Defendant admittedly failed to file a notice of alibi despite the People's timely service of a demand (*see* CPL 250.20 [1]). Although defendant asserted at trial that he sent a letter to the People informing them of his intent to call an alibi witness, the People denied receiving the letter or any notice of the witness prior to trial. In any event, defendant conceded that the letter was not sent until approximately three months after the eight-day deadline imposed by CPL 250.20 (1) had expired, and offered no excuse for the failure to timely file. Under these circumstances, we cannot say that County Court abused its discretion in denying defendant's request to present alibi testimony (*see* CPL 250.20 [3]; *People v Walker*, 294 AD2d 218, 218-219 [2002], *lv denied* 98 NY2d 772 [2002]; *People v Surdis*, 275 AD2d 553, 556 [2000], *lv denied* 95 NY2d 908 [2000]).[2]

Moreover, while a failure to timely file a notice of alibi may constitute ineffective assistance of counsel (*see People v Milazo*, 18 AD3d 1068, 1070 [2005]), the proffered testimony was of uncertain value here inasmuch as the witness could not state with precision that codefendants were with him at the time of the incident and the People were prepared to call their own witness to testify that codefendants did not arrive at the card game until 8:45 P.M. In short, we conclude that the record reveals, under all the circumstances, that defendant was provided meaningful representation (*see People v Surdis, supra* at 557; *cf. People v Milazo, supra* at 1070).

Defendant's remaining arguments, including his claim that the indictment did not provide him with fair notice of the accusations against him, have been considered and found to be lacking in merit (*see People v Osinowo, supra* at 1013).

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of attempted robbery in the third degree as a lesser

---

**2.** Defendant failed to preserve his claim that the alibi testimony should have been permitted as a matter of constitutional law despite the statutory violation (*see generally Noble v Kelly*, 246 F3d 93, 99-101 [2001], *cert denied* 534 US 886 [2001]) and, under the circumstances presented here, we decline to reverse in the interest of justice (*see People v Brown*, 306 AD2d 12, 12-13 [2003], *lv denied* 100 NY2d 592 [2003]; *People v Walker, supra* at 219).

included offense of count four of the indictment; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.

