■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VOGEL, Appellant. [885 NYS2d 678]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered July 10, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (13 counts), sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of 13 counts of rape in the second degree (Penal Law § 130.30 [1]) and one count each of sexual abuse in the second degree (§ 130.60 [2]) and endangering the welfare of a child (§ 260.10 [1]). County Court properly excluded evidence, under the rape shield law (CPL 60.42), concerning the victim's purchase or use of a home pregnancy test inasmuch as defendant failed to make "a threshold showing of relevance" with respect to that evidence (*People v Williams*, 81 NY2d 303, 314 [1993]; *see People v Perryman*, 178 AD2d 916, 917 [1991], *lv denied* 79 NY2d 1005 [1992]). The court also properly refused to allow defendant to present the alibi testimony of two witnesses. Defendant failed to file a timely notice of alibi (*see* CPL 250.20 [1]), or to offer a reasonable excuse for that failure (*see People v Watson*, 269 AD2d 755, 756 [2000], *lv denied* 95 NY2d 806 [2000]; *People v Bembry*, 258 AD2d 921 [1999], *lv denied* 93 NY2d 897 [1999]). Furthermore, on the record before us, we reject defendant's contention that defense counsel's failure to file a timely notice of alibi constituted ineffective assistance of counsel (*see People v Djanie*, 31 AD3d 887, 888 [2006], *lv denied* 7 NY3d 866 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.