# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**

**KA 14-01500**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DAVID J. ROJAS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 16, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant contends that his guilty plea was not knowing, voluntary, and intelligent because he initially denied possessing a controlled substance on one of the dates charged in the indictment, expressed that he may have been treated unfairly by law enforcement, and cast doubt upon his guilt when he asserted that he might be suffering from a mental disability. Defendant did not move to withdraw the plea or to vacate the judgment of conviction, however, and he therefore failed to preserve that contention for our review (*see People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965; *People v Davis*, 45 AD3d 1357, 1357-1358, *lv denied* 9 NY3d 1005; *People v Brown*, 305 AD2d 1068, 1068-1069, *lv denied* 100 NY2d 579). We note in particular that, before entering the guilty plea, defendant indicated that his attorney had raised all issues regarding his alleged mistreatment by law enforcement, and we further note that County Court took the time to explain to defendant that by pleading guilty he would be foreclosed from having such issues determined by a jury.

To the extent that this case falls within the narrow exception to the preservation requirement because defendant denied possessing a controlled substance on one of the dates charged in the indictment, we note that the court immediately conducted the requisite further inquiry to ensure that defendant's guilty plea was knowing,

intelligent, and voluntary (*see People v Lopez*, 71 NY2d 662, 666; *see also People v Waterman*, 229 AD2d 1013, 1013).  Indeed, during that further inquiry, defendant admitted that he possessed the drugs on the date in question (*see Waterman*, 229 AD2d at 1013-1014).  Thus, the record establishes that defendant's plea was knowing, voluntary, and intelligent (*see id.* at 1014).  We reach the same conclusion with respect to defendant's claim of mental disability.  To the extent that the claim falls within the exception to the preservation requirement, the court conducted the requisite further inquiry with respect to it to ensure that the plea was knowing, voluntary, and intelligent (*see Brown*, 305 AD2d at 1069; *see also People v Smith*, 37 AD3d 1141, 1142, *lv denied* 9 NY3d 851, *reconsideration denied* 9 NY3d 926).

Finally, we reject defendant's contention that the bargained-for sentence is unduly harsh and severe.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court