People v Mayes (2019 NY Slip Op 09194)





People v Mayes


2019 NY Slip Op 09194


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1197 KA 17-00611

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRISTAN M. MAYES, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 1, 2017. The judgment convicted defendant upon a plea of guilty of predatory sexual assault against a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of predatory sexual assault against a child (Penal Law § 130.96). Defendant failed to preserve for our review his contention that the plea was not knowingly, intelligently, and voluntarily entered because he failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Jones, 175 AD3d 1845, 1845-1846 [4th Dept 2019]; People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]). "[T]his case does not fall within the rare exception to the preservation requirement because nothing defendant said during the plea colloquy or the sentencing hearing clearly cast[] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea' " (Jones, 175 AD3d at 1846, quoting People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court