OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed, defendant’s motion to vacate the judgment of conviction denied and the judgment of conviction reinstated.
Defendant, a physician, entered into a fee-splitting arrangement with her landlord in which she agreed to pay the landlord a percentage of her earnings. As a result, she was charged with and pleaded guilty to violating the Public *672 Health Law (Public Health Law §§ 12-b, 4708; see also, 10 NYCRR 83.12 [a]). A year later she brought this proceeding pursuant to CPL 440.10 (1) (h) to vacate her guilty plea, contending that her plea allocution had been defective and her plea involuntary.
During allocution, defendant acknowledged that she had read the misdemeanor complaint charging her with "wilful” violation of the Public Health Law and admitted entering into a fee-splitting arrangement with her landlord. The court informed her of the rights waived upon pleading guilty and she responded that she desired to waive such rights. The court then asked for comments regarding sentencing. Defendant’s attorney urged that the court recognize in sentencing defendant that she had not known of the prohibition against fee-splitting. Reiterating her lawyer’s statement, defendant also advised the court that she was not "aware that [fee splitting] was illegal.” In response, the trial court indicated that "criminal intent” was not an element of the charged crime and imposed a $2,000 fine.
As a result of administrative proceedings completed four months after she pleaded guilty to the criminal charge, defendant was permanently disqualified from participating in the Medicaid reimbursement program based upon the finding that she "wilfully” violated the Public Health Law. Eight months after the administrative ruling (one year after she pleaded guilty), defendant instituted this proceeding in Criminal Court seeking to vacate her conviction. Defendant alleged that "wilful violation of health laws” is a specific intent crime, that her statements at sentencing revealed that she lacked the requisite intent, and that the court had been obliged to inquire further about defendant’s mental state. At the trial court she urged only that her plea was involuntary. She did not request a hearing. Criminal Court granted defendant’s motion and vacated the judgment. The Appellate Term affirmed.
Considering first whether the alleged involuntariness of defendant’s plea was reviewable by way of a CPL article 440 motion, we conclude it was not. In People v Cooks (67 NY2d 100, 104), we held that "[w]hen, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only by direct appeal” (see also, CPL 440.10 [2] [b]). The courts below indicated that defendant’s conviction had to be vacated because an allocution "error” demonstrating the involuntariness of defendant’s plea was apparent "on the face of the *673 record” but, as Cooks holds, if error was apparent on the record, it had to be raised by direct appeal. A posttrial motion to vacate a plea is only warranted when the error is not apparent from the record.
On appeal, defendant urges a further ground for relief: that her conviction should be vacated because the counsel who represented her at the plea proceeding was ineffective. Unlike the purported allocution error, an ineffective assistance of counsel claim can be raised in a collateral attack upon the judgment of conviction (see, People v Love, 57 NY2d 998; People v Brown, 45 NY2d 852). Moreover, although the issue was not considered by the courts below, we may consider it, and in so doing we must review the record (see, People v Jones, 55 NY2d 771, 773).[1] We find no merit to the claim, however, because it is clear from the record that defendant sought the result she received and that, objectively evaluated, defendant received effective representation.
The record demonstrates that defendant’s primary concern, before charges were filed, was to avoid multiple criminal charges and a possible jail sentence. Through defense counsel’s negotiations these concerns were satisfied; defendant avoided a jail sentence and several charges under investigation — charges such as offering false instruments for filing, falsification of business records, and additional charges of unlawful fee splitting — were dropped. Her satisfaction with this bargain is apparent from her conduct in pleading to a complaint, which she acknowledged to the court she had read, and which clearly indicated that she was charged with a wilful act, and by the fact that after she was advised during the subsequent administrative proceedings that the charge involved wilful conduct, she still delayed instituting this proceeding for eight months. Finally, consistent with published decisions on the subject,[2] counsel could have advised defendant to plead guilty believing that specific intent was not an element of the charged crime and, given this state of law, the *674 contested plea strategy might well have been pursued by a "reasonably competent attorney” (see, People v Satterfield, 66 NY2d 796, 799). Based upon this record, defendant received adequate representation.
We have reviewed defendant’s remaining contentions and find them without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum; Judge Bellacosa taking no part.
Order reversed, etc.

. While the ineffective assistance of counsel claim was not argued below, defendant’s present counsel acknowledges that the record before us is complete with respect to the issue because a hearing on the claim is not mandatory and the record contains an affidavit from defendant’s allegedly ineffective counsel which "is completely devoted to demonstrating that he failed to apprise defendant of the crime to which she pled.”

. See, People v Coe, 131 Misc 2d 807; People v Flushing Hosp. & Med. Center, 122 Misc 2d 260. We do not decide in the context of this case whether Public Health Law § 12-b is a general or specific intent crime.