■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALA RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered May 10, 1985, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and her statement to law enforcement authorities.

Ordered that the judgment is affirmed.

A quantity of cocaine was seized as the result of a United States Customs Patrol Officer's pat-down search of the defendant in a private room in the Customs area of the airport. A Customs officer who performs a thorough pat-down search as part of her border-patrolling activities, as here, must have some articulable suspicion to justify the intrusion, but the amount of suspicion required at that stage is minimal (see, *People v Materon*, 107 AD2d 408, 413). The defendant was traveling from South America by herself, and as such, "was a prime candidate for smuggling activities" (*People v Materon, supra*, at 415; see, e.g., *United States v Rieves*, 584 F2d 740). She had just disembarked from an international flight originating in a drug-source area and appeared overly nervous to the well-trained eye of the 10-year veteran Customs officer. This conduct furnished the Customs officer with an articulable suspicion, which justified the minimally intrusive pat-down search leading to the drug discovery (see, *People v Luna*, 136 AD2d 571).

The issue regarding the sufficiency of the defendant's plea allocution has not been preserved for appellate review as she neither moved to withdraw her plea of guilty to the reduced charge of criminal possession of a controlled substance in the second degree under CPL 220.60 (3), nor moved to vacate the judgment of conviction under CPL 440.10 (see, *People v Lopez*, 71 NY2d 662; *People v Pellegrino*, 60 NY2d 636). Furthermore, by accepting a bargained-for plea to a lesser crime than that charged in the indictment, the defendant forfeited the right to

challenge the factual basis for the plea (see, *People v Pelchat*, 62 NY2d 97, 108; *People v Caban*, 131 AD2d 863). In any event, a review of the record, including the defendant's version of the crime as recorded in the presentence report, discloses that the defendant's plea of guilty was neither improvident nor baseless, and it was knowingly and voluntarily entered with the assistance of counsel (see, *People v Harris*, 61 NY2d 9, 16-17; *People v Caban*, supra).

We have reviewed the defendant's other contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.