■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DENNIS MCKEOWN, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Kohn, J.), dated June 24, 1987, which granted that branch of the defendant's omnibus motion which was to suppress evidence seized from him.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On October 22, 1986, at approximately 7:15 P.M., the defendant arrived at John F. Kennedy International Airport on an Avianca flight from Colombia. United States Customs Inspector Michael Lynch, a member of the Contraband Enforcement Team and a veteran inspector of seven years, observed the defendant as he went through the bypass area of the immigration zone. The defendant, who was carrying one bag, went directly to the Customs examination line. The officer stated that the defendant "appeared to be a little confused with * * * what was going on". The officer identified himself and asked the defendant certain questions that he termed "basic Customs questions". The defendant indicated that he had traveled to Colombia on vacation, that he had no friends or relatives there, and that he did not speak Spanish. The officer observed that the defendant kept repeating the questions before responding and that he appeared nervous. The officer inspected the defendant's luggage, while continuing to view

him. He perceived that the defendant kept backing away, motioning with his hands, and perspiring. The defendant was thereupon escorted to a room where he was asked to remove the contents of his pockets. The officer testified that, in the defendant's wallet, he discovered a "coke straw", which he described as drug paraphernalia used for ingesting cocaine. During a pat-down search that followed, the officer felt an unusual object between the defendant's midsection and his crotch area. Upon request, the defendant unbuckled his pants and removed a package containing approximately 60 grams of cocaine. The defendant was thereupon arrested.

"A customs inspector who performs a thorough pat-down search as part of his border patrolling activities must have some articulable suspicion to justify the intrusion *(see,* 19 USC § 482; *Shorter v United States,* 469 F2d 61) but the amount of suspicion required at that stage is minimal. * * * Hence, it is certainly sufficient if the officer has some reason which [he or] she can put into words, which bears a reasonable relation to the possible existence of criminal activity. In this respect, appearance and demeanor alone may provide a sufficient articulable suspicion to justify the further investigation *(see, United States v Rieves,* 584 F2d 740)" *(People v Materon,* 107 AD2d 408, 413-414). The airport search conducted here, which was the functional equivalent of a border search *(see, Almeida-Sanchez v United States,* 413 US 266), was clearly supported by articulable suspicion, based upon, among other things, the defendant's appearance and demeanor, his responses to inquiries regarding the purpose for his trip, the fact that the defendant was returning from a source country with a high profile for illegal drug trade *(see, People v Luna,* 136 AD2d 571), and the presence of drug paraphernalia in the defendant's wallet. Thus, the hearing court erred in granting that branch of the defendant's motion which was to suppress the cocaine seized from him. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.