■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN LEGRAND, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Corriero, J.), both rendered September 7, 1988, convicting him of robbery in the first degree (two counts), robbery in the second degree (eight counts), grand larceny in the fourth degree (five counts), criminal possession of a weapon in the fourth degree (three counts), criminal possession of stolen property in the fifth degree (two counts) under Kings County indictment No. 8613/87, and robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, under Kings County indictment No. 10597/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, the pleas are vacated, and the cases are remitted to the Supreme Court, Kings County, for further proceedings on the indictments.

Although the People contend that the defendant failed to preserve the issue of the adequacy of his plea allocutions by failing to move to withdraw his guilty pleas or to vacate the judgments of conviction, where, as here, the nature of the challenge is readily and clearly apparent on the face of the record, we may still review the issue without the defendant first having so moved (see, *People v Lopez*, 71 NY2d 662; *People v Angelakos*, 70 NY2d 670; *People v Sobczak*, 105 AD2d 1053). Several times during the course of his plea allocutions, the defendant stated he used a "toy" gun or a "fake" gun, and once stated that he did not have a gun at all, thus raising the possibility of an affirmative defense to the charges (see, Penal Law § 160.15 [4]). The court should have inquired further in order to assure that the defendant was fully aware of the nature of the charges against him and of the possible affirmative defense (*People v Royster*, 91 AD2d 1074; *People v Hassan*, 79 AD2d 713; *People v Waddell*, 66 AD2d 807). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.