■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered August 15, 1989, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A package containing cocaine was seized from the defendant as a result of a United States Customs inspector's thorough pat-down search of her in a private room in the Customs area of John F. Kennedy International airport. This airport search was the functional equivalent of a border search *(see, People v McKeown,* 146 AD2d 716, 717). A Customs inspector who performs a thorough pat-down search as part of her border-patrolling activities must have some suspicion of criminal activity justifying the intrusion, which "need only be real and

based upon legitimate factors" *(People v Luna,* 73 NY2d 173, 179). In this case, the defendant was traveling alone, without any checked luggage, and had disembarked from a flight originating in Jamaica—a country known to be a source of illegal drugs. The defendant informed the Customs inspector that she would only be staying in New York for 3 or 4 days and her passport revealed that she had made a prior trip from Jamaica within a relatively short period of time. The defendant was also in a hurry to leave the Customs area and appeared nervous to the eye of a well-trained, experienced Customs inspector. This conduct furnished the Customs inspector with a bona fide, articulable suspicion, justifying the minimally intrusive pat-down search leading to the discovery of the drugs *(see, People v Luna, supra; People v Rivera,* 143 AD2d 783; *People v Materon,* 107 AD2d 408).

We have reviewed the defendant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.