■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE BOYLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 16, 1987, convicting him of burglary in the first degree, upon a jury verdict, and criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement made by him to law enforcement authorities, identification testimony, and physical evidence.

Ordered that the judgment is reversed, on the law, the

guilty plea is vacated, those branches of the defendant's omnibus motion which were to suppress evidence with respect to the first, second and fourth counts of the indictment are granted, those counts of the indictment are dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings with respect to the fifth, sixth and seventh counts of the indictment.

The defendant was charged in a seven-count indictment with burglary in the first degree and related charges, and with criminal possession of stolen property in the first degree and related charges. The entire indictment was premised on one arrest and the defendant unsuccessfully sought suppression of various items of evidence on the ground, *inter alia,* that the arrest was unlawful. He did, however, obtain a severance of the burglary and related counts from the possession and related counts, and went to trial on the former. The jury found the defendant guilty of burglary in the first degree. Thereafter, the defendant pleaded guilty to criminal possession of stolen property in the first degree in satisfaction of the remaining counts of the indictment which had been severed. He did so with the understanding that the sentence for the criminal possession count would run concurrently with the sentence to be imposed with respect to the burglary conviction, and that he was waiving his right to seek appellate review of the denial of his suppression motion, but only insofar as that ruling related to his plea of guilty to the criminal possession count.

The record supports the People's concession that they failed to meet their burden of coming forward at the suppression hearing with evidence establishing that there was probable cause to arrest the defendant *(see, People v Dodt,* 61 NY2d 408; *People v Carrasquillo,* 54 NY2d 248; *People v Bouton,* 50 NY2d 130). We note their additional concessions that without the suppressed evidence they cannot prove the defendant guilty of burglary in the first degree, and therefore, as conceded at oral argument, all counts submitted to the jury must be dismissed *(cf., People v Bouton, supra,* at 136). Reversal of the burglary conviction and dismissal of that count of the indictment and the related counts *(see,* CPL 300.40 [3] [b]) is therefore warranted.

As an inducement to plead guilty to criminal possession of stolen property in the first degree, the defendant was offered a concurrent sentence with the sentence that was to be imposed with respect to the conviction after trial. Since the latter conviction is hereby reversed, the trial court's plea commit-

ment can no longer be fulfilled and the plea must also be vacated *(see, People v Clark,* 45 NY2d 432, 440; *cf., People v Lowrance,* 41 NY2d 303). We note, however, that the defendant is not entitled to the suppression of evidence with respect to those counts of the indictment which were satisfied by his guilty plea, as he waived his right to seek appellate review of the denial of the suppression motion insofar as it related to those counts as a condition of his guilty plea *(see, People v Seaberg,* 74 NY2d 1). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.