■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 30, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We decline to review the denial of the defendant's suppression motion since the record reveals that, as part of his negotiated plea bargain, the defendant knowingly and voluntarily waived his right to seek appellate review thereof *(see, People v Williams,* 36 NY2d 829, *cert denied* 423 US 873; *People v Seaberg,* 74 NY2d 1; *People v Boyle,* 164 AD2d 938).

The defendant's contentions with respect to the voluntariness of his plea have not been preserved for appellate review as he neither moved to withdraw his plea under CPL 220.60 (3) nor sought to vacate the judgment of conviction under CPL 440.10 *(see, People v Lopez,* 71 NY2d 662, 665; *People v Rivera,* 143 AD2d 783; *People v Pellegrino,* 60 NY2d 636). In any event, a review of the record reveals that the defendant's plea was knowingly and voluntarily entered with the assistance of counsel *(see, People v Harris,* 61 NY2d 9). Furthermore, by pleading to a lesser crime in full satisfaction of that charged in the indictment, the defendant forfeited the right to challenge the factual basis of the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Adams,* 57 NY2d 1035; *People v Rivera, supra; People v Caban,* 131 AD2d 863).

Finally, the record reveals that the People complied with CPL 400.15 (2) in serving the prior violent felony offender statement. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.