■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNA ESPOSITO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.),

rendered October 3, 1988, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the evening of May 19, 1985, the defendant arrived at John F. Kennedy Airport on a flight from Jamaica. As the defendant approached the customs area, United States Customs Inspector Eileen Manna, a veteran inspector of seven years, noticed that the defendant was wearing very loose clothing, and was struck by the fact that she did not have a tan, which was unusual for an individual returning from Jamaica. When the defendant approached the inspector's station to be cleared through customs, the inspector proceeded to ask her a series of routine customs questions. In response to the inspector's queries, the defendant indicated that she had traveled to Jamaica in order to deliver food to a friend of her mother's, and that she subsequently decided to cut her trip short because her mother had suffered a fall. The defendant was traveling alone, and carried only one piece of luggage, which contained a minimal amount of clothing. In addition, she appeared "overly friendly" to the experienced customs inspector. Based on these factors, the inspector escorted the defendant to a private room, where she conducted a pat-down search, and discovered a bulge in the defendant's crotch area. Upon request, the defendant lifted her skirt up, and turned over a package containing approximately five ounces of cocaine.

An airport is the functional equivalent of a border when it receives passengers from an international arrivals flight (see, Almeida-Sanchez v United States, 413 US 266), and a customs official who performs a thorough pat-down search as part of her border-patrolling activities must have some suspicion of criminal activity to justify the intrusion, which "need only be real and based upon legitimate factors" (People v Luna, 73 NY2d 173, 179). Contrary to the defendant's contention, when viewed cumulatively, her appearance, demeanor and responses to inquiries concerning the purpose of her trip, as well as her returning alone from a country "known to be a source of illegal drugs" (People v Robinson, 163 AD2d 428, 429), furnished the customs inspector with "a bona fide, articulable suspicion" (People v Robinson, supra, at 429) to justify the minimally intrusive pat-down search (see, People v Luna,

*supra; People v McKeown,* 146 AD2d 716; *People v Rivera,* 143 AD2d 783; *People v Materon,* 107 AD2d 408). Accordingly, the defendant's suppression motion was properly denied. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.