■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERYCK A. RHODES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 31, 1989, convicting him of robbery in the first degree and attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not move to withdraw his guilty plea, with the result that he has not preserved for appellate review his claim that his plea allocution was defective *(see, People v Bell,* 47 NY2d 839; *People v Bresciano,* 165 AD2d 815; *People v Ward,* 165 AD2d 820; *People v Jones,* 109 AD2d 893).

In any event, the defendant's factual recitation and the plea

colloquy do not establish any inadequacy, and there is no suggestion in the record that his plea was improvident or baseless *(see, People v Duff,* 158 AD2d 711; *People v Santana,* 151 AD2d 518). The defendant, with the advice of counsel, of whose services he did not complain, freely negotiated this plea to robbery in the first degree and attempted assault in the second degree (in lieu of assault in the second degree), for which he received concurrent terms of from two to six years imprisonment and one and one third to four years imprisonment, respectively. Further, the prosecutor agreed to dismiss two other counts of robbery in the first degree and an "uncharged" count of resisting arrest. In addition, the defendant was promised a sentence to run concurrently with those imposed for two additional unrelated convictions under two separate indictments.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Lawrence and O'Brien, JJ., concur.

Balletta, J., dissents, and votes to reverse the judgment of conviction, vacate the guilty plea, and remit the matter to the County Court, Nassau County, for further proceedings on the indictment. In the course of pleading guilty to a charge of robbery in the first degree, the defendant related that he had removed money from the victim at the point of a "clay pistol". The plea allocution, therefore, did not establish the essential elements of the crime to which the defendant was pleading guilty *(cf., People v Duff,* 158 AD2d 711). Since it is an affirmative defense to a charge of robbery in the first degree that the object displayed was not an operable firearm (Penal Law § 160.15 [4]), the court should have conducted a further inquiry concerning this affirmative defense in order to assure that the defendant was fully aware of the nature of the charges against him and of the possible affirmative defense *(see, People v Royster,* 91 AD2d 1074; *People v Hassan,* 79 AD2d 713; *People v Waddell,* 66 AD2d 807).

Although the majority has agreed with the People's contention that the defendant had failed to preserve the issue of the adequacy of his plea allocution by failing to move to withdraw his guilty plea or to vacate the judgment of conviction, where, as here, the nature of the challenge is readily and clearly apparent on the face of the record, we may still review the issue without the defendant first having so moved *(see, People v Lopez,* 71 NY2d 662; *People v Angelakos,* 70 NY2d 670; *People v LeGrand,* 155 AD2d 482, 483; *People v Sobczak,* 105 AD2d 1053).