■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAN SILVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 10, 1989 convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On April 7, 1988, the defendant was stopped for customs clearance at John F. Kennedy International Airport. The customs inspector who questioned the defendant noted that the defendant was traveling alone, was coming from Santo Domingo in the Dominican Republic, had only one piece of hand-held luggage, was wearing a loose-fitting shirt, but nonetheless appeared bulky at the midsection, was unemployed, and had used a ticket which was paid for in cash. Although a search of the defendant's hand-held luggage revealed no contraband, the inspector had the defendant removed to a private area for a pat-down search which ultimately led to the discovery of approximately two pounds of cocaine taped to the defendant's middle underneath a girdle.

The defendant concedes that the search conducted here was the functional equivalent of a border search *(see, People v Robinson, 163 AD2d 428; People v Materon, 107 AD2d 408)*, and that therefore it was not necessary that the suspicion justifying the pat-down search rise to the level of that which must support a stop and frisk in a domestic situation *(see, People v Luna, 73 NY2d 173, 179)*. We conclude, as did the Supreme Court, that the defendant's arrival from a country believed to be a source of illegal narcotics, his ill-fitting clothing and apparently inadequate luggage, his unemployed status, and his purchase of airline tickets with cash provided a legitimate basis for the initial pat down *(see, People v Luna, supra; People v Robinson, supra; see also, United States v*

*Asbury,* 586 F2d 973, 976-977). That branch of the defendant's motion which was to suppress the fruits of the search was thus properly denied.

We discern no basis for disturbing the sentence, which was imposed pursuant to a plea bargain *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.