■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIOLA PIERCE, Also Known as VIOLA BUTLER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered January 4, 1991, convicting her of criminal sale of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not move to withdraw her guilty plea or attack its validity prior to sentencing, with the result that she has not preserved for appellate review the claim that the plea allocution was defective *(see, People v Lopez,* 71 NY2d 662, 665; *People v Pellegrino,* 60 NY2d 636; *People v Rhodes,* 176 AD2d 828; *People v Butler,* 167 AD2d 347; *People v Bresciano,* 165 AD2d 815). Nor do the facts support the defendant's contention that her recitation of the facts underlying the

crime clearly cast significant doubt upon her guilt to warrant the court's further inquiry before accepting the guilty plea *(cf., People v Beasley,* 25 NY2d 483; *People v Hladky,* 158 AD2d 616, 618-619; *People v LeGrand,* 155 AD2d 482, 483) or that an agency defense was clearly suggested by the defendant's factual recitation *(see, People v Gaither,* 153 AD2d 587, 588). Nor can it be said that the defendant's factual recitation negated an element of the crime so as to make the alleged deficiencies of the plea allocution so clearly apparent on the face of the record that the issue should be reviewed without the defendant first having so moved *(cf., People v Lopez, supra,* at 666; *People v LeGrand, supra,* at 483). Moreover, before concluding the plea allocution, the court explicitly gave the defendant an opportunity to recant her admissions, warning her of the serious consequences flowing from her statements, and the defendant acknowledged that she understood the consequences and reaffirmed her admission.

Furthermore, where a defendant enters into a bargained for plea to a lesser offense, it is not necessary to review the factual basis supporting the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Butler, supra,* at 347). Moreover, the defendant, with the advice of counsel, of whose services she did not complain, freely negotiated this plea to criminal sale of a controlled substance in the fifth degree (in lieu of criminal sale of a controlled substance in the third degree), for which she received a term of two to four years imprisonment, and the prosecutor agreed to dismiss two other charges as "satisfied" by the defendant's plea. Therefore, there is no suggestion in the record that the plea was improvident or baseless *(see, People v Rhodes, supra,* at 829). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.