■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLINGHAM, Appellant. [599 NYS2d 123] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 2, 1991, convicting him of robbery in the first degree (two counts), and attempted rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not move to withdraw his plea of guilty, with the result that he has not preserved for appellate review his claim that his plea allocution was defective *(see, People v Bell,* 47 NY2d 839; *People v Bresciano,* 165 AD2d 815; *People v Ward,* 165 AD2d 820; *People v Jones,* 109 AD2d 893). This case does not fit within the narrow exception to the preservation doctrine set forth in *People v Lopez* (71 NY2d 662) and *People v Serrano* (15 NY2d 304). In his factual allocution, the defendant stated that he held his hand inside his pocket so as to simulate a gun and, on one occasion, he told his victim that he had a gun. These statements did not negate an element of the crimes to which he pleaded but actually were admissions of the element "[d]isplay[ed] what appear[ed] to be a pistol [or] revolver" (Penal Law § 160.15 [4]). Since this plea was part of a knowing and voluntary bargain, we decline to exercise our interest of justice jurisdiction to review the defendant's contention.

To the extent that our decisions in *People v LeGrand* (155 AD2d 482), *People v Royster* (91 AD2d 1074), and *People v Hassan* (79 AD2d 713) are to the contrary, they should not be followed. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.