■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MARIO CAMPO, Appellant. [601 NYS2d 912] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered May 9, 1991, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's challenge to the sufficiency of the plea allocution is unpreserved because he failed to make a motion to withdraw the plea (CPL 220.60 [3]) or to vacate the judgment of conviction (CPL 440.10; *People v Lopez*, 71 NY2d 662, 665). Were we to reach defendant's claim in the interest of justice, we would find that it fails on the merits. The colloquy at the plea allocution demonstrates that defendant did not deny that he had used a loaded firearm during the robbery or otherwise put the court on notice that an affirmative defense under Penal Law § 160.15 (4) might be available *(compare, People v LeGrand,* 155 AD2d 482, *lv denied* 75 NY2d 814). The court gave defendant ample opportunity to clarify whether the object he displayed was a loaded firearm, but his responses to the court's inquiries were evasive, asserting that he had not "stipulate[d] [to the victim] whether it was a gun or not" and alternatively referring to the object used as "weapon" or "metal object". The record further shows that defendant understood he would receive a much lower sentence by pleading guilty than he could receive if convicted after a trial, and was aware of the nature of the rights he was waiving by pleading guilty. We conclude that the plea was entered knowingly and voluntarily.

We have considered defendant's argument that the sentence was excessive. In view of defendant's extensive criminal record, we find no abuse of discretion in the sentence imposed. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.