■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILFORD LOVELL, Appellant. [649 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 19, 1993, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant arrived at John F. Kennedy International Airport on a flight from Trinidad and Tobago. A computer check of the information on the defendant's passport by an immigration official at the terminal revealed that he had a prior drug conviction. A United States Customs Inspector was alerted and noted that the defendant, who was traveling alone, was wearing loose-fitting clothing, carried only a small handheld bag and had arrived from a country believed to be a source of illegal drugs. A search of the bag revealed minimal clothing. The defendant was then subjected to a pat-down search during which three packages of cocaine were recovered from his clothing.

We conclude, as did the Supreme Court, that, all of these factors, viewed cumulatively, provided a legitimate basis for the pat-down search *(see, People v Luna,* 73 NY2d 173; *People v Silva,* 178 AD2d 446; *People v Esposito,* 175 AD2d 875). The defendant's motion to suppress the fruits of the search was therefore properly denied. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.