■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE CORNEJO, Appellant. [650 NYS2d 764] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 25, 1994, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant did not move to withdraw his plea, his claim that the plea allocution was defective is unpreserved for appellate review *(see, People v Bell,* 47 NY2d 839; *People v Williams,* 203 AD2d 499; *People v Willingham,* 194 AD2d 703).

The defendant's further claim that the court failed to impose

the promised sentence is also without merit. While the record reflects that the court mistakenly stated at the plea that the promised sentence would be three to six years instead of three to nine years, a court has the inherent power to correct its own error in accepting a plea or imposing sentence when the error is clarified *(see, People v Wright,* 56 NY2d 613; *People v Minaya,* 54 NY2d 360, *cert denied* 455 US 1024; *People v Monereau,* 181 AD2d 918). At sentencing, the court, the prosecutor and the defense counsel all agreed that it was their understanding that the sentence commitment was for three to nine years, and defense counsel expressly waived any defects therein. Contrary to the defendant's contention, the promised sentence was the actual sentence imposed.

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.