■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WALLACE, Appellant. [669 NYS2d 26] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered February 9, 1995, convicting defendant, upon his guilty plea, of robbery in the first degree, and sentencing him to an indeterminate term of 3 to 9 years, unanimously affirmed.

At about 1:45 A.M., on July 21, 1994, defendant David Wallace and two companions, Frank Wells and Lemick Edwards, robbed six passengers aboard a southbound No. 1 subway train in the vicinity of Dyckman Street in Manhattan. During the robbery, Wells displayed what appeared to be a gun.

The three men were thereafter charged with six counts of first-degree robbery and six counts of second-degree robbery. Each of them pleaded guilty to first-degree robbery in exchange for a sentence of 3 to 9 years. (Wells and Edwards are not parties to this appeal.)

The plea allocutions of Wells and Wallace were conducted simultaneously on January 9, 1995. Both were represented by counsel. The court began with Wells, who admitted that he and his co-defendants "got on the train and robbed six people." The following colloquy then ensued about the alleged gun:

"COURT: Who displayed what appeared to be a gun?

"WELLS: I did. * * *

"COURT: It was something that looked like a gun? It was an imitation gun?

"WELLS: Yes."

The prosecution did not dispute Wells' statement that the gun was not real. Neither counsel nor the court alerted the co-defendants to the fact that if what appeared to be a pistol was not a loaded and operable pistol, they would have an affirmative defense to first-degree robbery, resulting in a reduction to second-degree robbery. Instead, the court confirmed with the prosecutor that Wells' plea was acceptable, and turned its attention to Wallace. In response to the court's inquiry, he admitted that he took a watch and money from the victims on the train, and that he and his two co-defendants committed the crime together. After the prosecutor indicated his acceptance, the court accepted both pleas. Wallace received the negotiated sentence.

On appeal, defendant Wallace argues, for the first time, that his plea should be vacated and his conviction reduced to second-degree robbery because the court failed to tell him of the potential affirmative defense raised by Wells' claim that the gun was not real. While the request to vacate the plea might have merit, it is unpreserved for our review.

Penal Law § 160.15 (4) provides that a defendant is guilty of first-degree robbery when he forcibly steals property and, in the course of the robbery or flight therefrom, he or another participant in the crime displays what appears to be a gun. The statute also provides that it shall be an affirmative defense that such gun was not a loaded and operable weapon. Thus, if a defendant proves by a preponderance of the evidence that the object displayed was not an operable firearm, he may be convicted only of second-degree robbery (*People v Baskerville*, 60 NY2d 374, 380). If the court fails to inquire into the defendant's awareness of the "unloaded firearm" affirmative defense and its potential applicability to the facts at hand, the

plea must be vacated, and the matter will be remanded for trial, unless the People consent to reduce the conviction to second degree robbery (*see*, *People v Reyes*, 92 AD2d 776, 777; *People v Vaughn*, 119 AD2d 779, *lv denied* 68 NY2d 760; *People v Rafael*, 243 AD2d 277).

However, to preserve a challenge to the facial sufficiency of a plea allocution, defendant must have made a CPL 220.60 (3) motion to withdraw the plea or, where applicable, a CPL 440.10 motion to vacate the conviction. A narrow exception exists: "where a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*People v Lopez*, 71 NY2d 662, 666). If the court fails to make such an inquiry before accepting the plea, the defendant may challenge the plea on appeal, even if he did not raise this argument in any post-allocution motions (*supra*).

In a case relied on by defendant herein, the Second Department previously held that the *Lopez* exception to the preservation requirement applies in a situation such as the instant case, where defendant pleads guilty to first-degree robbery but states at the plea allocution that the weapon was unloaded or inoperable (*People v LeGrand*, 155 AD2d 482, 483, *lv denied* 75 NY2d 814). However, that Court reached the opposite conclusion, overruling *LeGrand* (*supra*), in *People v Willingham* (194 AD2d 703, *lv denied* 82 NY2d 729) in which it held that the defendant's statements at the plea allocution, to the effect that he held his hand inside his pocket so as to simulate a gun, "did not negate an element of the crimes to which he pleaded but actually were admissions of the element '[d]isplay[ed] what appear[ed] to be a pistol [or] revolver' (Penal Law § 160.15 [4])".

More recently, in *People v Toxey* (86 NY2d 725, 726), the Court of Appeals affirmed this Court's determination that the *Lopez* exception did not apply where the defendant pleaded guilty to first-degree robbery but stated, " 'I don't carry weapons,' " and the trial court failed to follow up on the possible affirmative defense thereby raised. In *People v Acevedo* (219 AD2d 560, *lv denied* 87 NY2d 969), relying on *Toxey* (*supra*), we similarly declined to review defendant's unpreserved argument that the court should not have accepted his plea without first asking whether he understood that he had raised an affirmative defense to first-degree robbery by claiming that the gun possessed by his accomplice was unloaded. We see no reason to reach a different result in this case.

We perceive no abuse of sentencing discretion. Concur— Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.