◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN ESPINOZA, Appellant. [680 NYS2d 122] —Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 11, 1997, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and petit larceny.

Defendant pleaded guilty to the crimes of robbery in the first degree (Penal Law § 160.15 [3]) and petit larceny (Penal Law § 155.25) after admitting that he, together with two codefendants, had robbed a convenience store of approximately $598. On this appeal, defendant contends that County Court erred by accepting his guilty plea because the information elicited from him by County Court at the plea allocution was factually insufficient to sustain his conviction of the crime of robbery in the first degree. We agree.

An element of the crime of robbery in the first degree, as defined by Penal Law § 160.15 (3), is the requirement that in the course of committing the crime the defendant "[u]ses or threatens the immediate use of a dangerous instrument". At his plea allocution, however, defendant clearly informed County Court that the weapon used by a codefendant in the robbery was a "broken B.B. gun". As this weapon was not, in fact, used in any violent capacity in the course of the crime, it cannot be characterized as a "dangerous instrument", a term defined by Penal Law § 10.00 (13) as an object that is "readily capable of causing death or other serious physical injury" (*see, People v Kilpatrick*, 143 AD2d 1). Having been informed of the comparatively harmless nature of this "weapon", it became incumbent upon County Court to make further inquiries to assure itself that defendant knew of and nonetheless waived this potential defense to the charge of robbery in the first degree (*see, People v Constanza*, 244 AD2d 988; *People v LeGrand*, 155 AD2d 482, 483). Because such inquiries were not made here, the judgment of conviction will be modified by reversing so much thereof as convicted defendant of the crime of robbery in the first degree.

We note that the issue raised by defendant on this appeal is

reviewable by this Court even though he did not make a motion before County Court to withdraw his guilty plea or vacate the judgment of conviction. It has been held that in cases where a court has accepted a guilty plea after the defendant's factual recitation indicates that an essential element of the crime is absent, the defendant may challenge the sufficiency of the allocution on direct appeal despite the failure to move before County Court to withdraw the plea or vacate the judgment (*see, People v Lopez*, 71 NY2d 662, 666; *People v LeGrand*, *supra*, at 483).

Mercure, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of robbery in the first degree; and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.