■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. HAM, Also Known as RICHARD C. HAMM, Appellant. [697 NYS2d 359] —Spain, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered September 8, 1997, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant entered a plea of guilty to the crimes of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree. Defendant was sentenced to concurrent terms of one year in jail and a $1,000 fine on the aggravated unlicensed operation count, and six months in jail and a $500 fine on the driving under the influence count. On appeal, defendant argues that his guilty plea to the crime of aggravated unlicensed operation of a motor vehicle in the first degree should be vacated.

Specifically, defendant maintains that his factual recitation during the plea allocution negated an essential element of this crime, namely, operating a motor vehicle while knowing or having reason to know that his driver's license was suspended or revoked (*see*, Vehicle and Traffic Law § 511 [1] [a]; [3]) and, therefore, County Court erred in accepting the plea without making sufficient further inquiry (*see*, *People v Lopez*, 71 NY2d 662, 666). A review of the plea allocution reveals that defendant responded to County Court's inquiry as to whether he had a valid driver's license by replying that he had a Pennsylvania license and that at the time of this incident he thought, based upon the paperwork he received, that his driving privileges in

New York had been reinstated.* Defendant also stated that he did not learn otherwise until later.

Although defendant did not move to withdraw his plea or make a postallocution motion, the People concede that this issue falls within the narrow exception to the preservation requirement (*see, id.*, at 666-667). Our review of the record confirms defendant's contention that the plea allocution was deficient with respect to this count in that defendant's statement negated that—at the time of this offense—he knew or had reason to know that his license in this State was suspended or revoked (*see, People v Espinoza*, 253 AD2d 983; *see also*, Vehicle and Traffic Law § 511). Accordingly, defendant's plea to this count must be vacated and the matter remitted to County Court (*see, People v Espinoza, supra*).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree; guilty plea to the crime of aggravated unlicensed operation of a motor vehicle in the first degree vacated and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* In a prior decision in this case, we held that there were nonfrivolous appealable issues and withheld decision pending assignment of new counsel (256 AD2d 727). That decision misstated that defendant replied at the plea colloquy that he thought his Pennsylvania license had been reinstated. In fact, defendant stated at the plea that he thought his New York license had been reinstated.