■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ENRIQUEZ, Appellant. [698 NYS2d 51] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 8, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's charge on the justification defense was erroneous because it did not explain the subjective nature of "reasonable belief" is raised for the first time on appeal. Because the defendant neither made an objection or took an exception to the charge and because he requested no supplemental instruction, the claim is unpreserved for appellate review (see, People v Riley, 200 AD2d 692; People v Udzinski, 146 AD2d 245).

In any event, while we agree that the charge did not conform to the requirements set forth by the Court of Appeals in People v Wesley (76 NY2d 555, 559) and People v Goetz (68 NY2d 96, 114-115), the court's error was harmless in light of the overwhelming evidence that the defendant failed to retreat when he knew it was safe to do so and that he used excessive force in defending himself against his victim, firing several shots into the victim as he lay on the ground (see, People v Rivera, 205 AD2d 807, 808; People v Major, 116 AD2d 594, 595).

The sentence imposed was not excessive (see, People v Delgado, 80 NY2d 780, 781-782; People v Suitte, 90 AD2d 80). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMEL FERRER, Appellant. [698 NYS2d 515] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 1, 1999 (People v Ferrer, 258 AD2d 469), affirming a judgment of the Supreme Court, Kings County, rendered February 21, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.