■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CROWELL, Appellant. [710 NYS2d 549] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered October 7, 1998, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his claim that his plea allocution was defective since he did not move to withdraw his plea of guilty (*see, People v Bell,* 47 NY2d 839; *People v Willingham,* 194 AD2d 703). This case does not fit within the narrow exception to the preservation doctrine set forth in *People v Lopez* (71 NY2d 662) and *People v Serrano* (15 NY2d 304; *see, People v Willingham, supra*). Since the plea was part of a knowing and voluntary bargain, we decline to exercise our interest of justice jurisdiction to review the defendant's contention.

The defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Therefore, he has no basis to now complain that the sentence was excessive (*see, People v Kazepis,* 101 AD2d 816). O'Brien, J. P., Friedmann, McGinity and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ENRIQUEZ, Appellant. [709 NYS2d 857] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 8, 1999 (*People v Enriquez,* 266 AD2d 308), affirming a judgment of the Supreme Court, Kings County, rendered October 8, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.