Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered November 29, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowing, voluntary, and intelligent because the County Court did not specifically inform him of the availability of an affirmative defense to robbery in the first degree is unpreserved for appellate review (see People v Toxey, 86 NY2d 725, 726 [1995]; People v McCallum, 84 AD3d 1117, 1118 [2011]; People v Payton, 53 AD3d 590 [2008]; People v Wallace, 247 AD2d 257, 259 [1998]; People v Feichtl, 134 AD2d 364 [1987]). In any event, the record demonstrates that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]).
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). The defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record. Accordingly, a CPL 440.10 application is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.