■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BROWN, Appellant. [48 NYS3d 333]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at suppression hearing and self-representation col-

loquy; Bruce Allen, J. at plea and sentencing), rendered July 19, 2012, convicting defendant of eight counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

When defendant indicated, during the allocution on one of the eight counts of first-degree robbery to which he pleaded guilty, that he "simulated" a firearm, he did not negate any element of the crime or cast any doubt on his guilt. Accordingly, his claim that the court should have inquired into the possibility of an affirmative defense (*see* Penal Law § 160.15 [4]) is not exempt from the preservation requirement (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wallace*, 247 AD2d 257 [1st Dept 1998]). We decline to review this unpreserved claim in the interest of justice. Defendant was faced with the potential for multiple consecutive life sentences as a persistent violent felony offender, even if convicted of a lesser degree of robbery on one or more of the counts.

The record fails to support defendant's claim that the suppression court deprived him of his right to represent himself. When defendant said that he wanted to represent himself, the court conducted a lengthy colloquy to ensure that defendant understood the various challenges and pitfalls of self-representation. At the end of the colloquy, when asked whether he still wished to proceed pro se, defendant clearly stated, twice, that he wanted to be represented by counsel, albeit by a different attorney. Thus, defendant withdrew his request to proceed pro se, or at least, failed to make an unequivocal request to do so (*see People v McIntyre*, 36 NY2d 10, 17 [1974]).

The suppression court correctly concluded that a photo array, in which one victim identified defendant before identifying him in a lineup, was not rendered unduly suggestive by the fact that defendant had the shortest hair of any person in the array. The record supports the court's finding that the difference in hairstyles between defendant and the other persons in the photos, who also had short hair, was not so significant as to single defendant out for identification (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Morever, although suggestiveness does not turn solely on this factor (*People v Perkins*, 28 NY3d 432 [2016]), we also note that hair length played no part in the description that had been provided by the particular victim. Defendant's remaining challenges to the suppression ruling are unpreserved, and we decline to review them in the interest of justice. Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.