In the Matter of LAMAR A., a Person Alleged to be a Juvenile Delinquent, Appellant. [52 NYS3d 357]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about February 10, 2016, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of sexual abuse in the first and third degrees, forcible touching and attempted criminal obstruction of breathing or blood circulation, and placed him on probation for a period of 24 months, unanimously modified, on the law, to the extent of vacating the finding as to sexual abuse in the third degree and dismissing that count, and otherwise affirmed, without costs.

Order of disposition, same date, court and Judge, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of sexual abuse in the third degree and forcible touching, and placed him on probation for a concurrent period of 24 months, unanimously affirmed, without costs.

Regarding the incident resulting in a finding of, among other things, first-degree sexual abuse, the court properly denied appellant's motion to suppress the victim's identification of appellant in a photo array. The array was not tainted by the victim's identification, 10 days earlier, of the perpetrator in a surveillance videotape, which, as the victim confirmed, depicted the perpetrator following the victim into her apartment building immediately before the incident occurred in that building. In doing so, the victim "was simply ratifying the events as revealed in the videotape rather than selecting [appellant] as the perpetrator" (*People v Lara*, 130 AD3d 463, 464 [1st Dept 2015] [internal quotation marks omitted], *lv denied* 27 NY3d 1001

[2016]; *see People v Gee*, 99 NY2d 158 [2002]). Appellant's argument that the array was tainted in light of the 17-day gap between the incident and the victim's viewing of the video prior to the array is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing.

The record also shows that the photo array was not unduly suggestive. Appellant and the fillers appeared reasonably similar in the photos, and minor discrepancies involving facial hair and apparent age were limited to two fillers and did not create a substantial likelihood of unfairly singling out appellant (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Although not dispositive (*see People v Perkins*, 28 NY3d 432 [2016]), it is notable that the victim's description of the perpetrator did not mention facial hair (*see People v Brown*, 147 AD3d 570 [1st Dept 2017]).

However, as the presentment agency concedes, the count of third-degree sexual abuse pertaining to that incident should be dismissed as a lesser included offense.

Regarding the other incident, the court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence abundantly established that the 15-year-old appellant acted for the purpose of gratifying his sexual desire, and for the purpose of degrading or abusing the 30-year-old victim, in that he approached her as she was leaving an elevator and heading toward her apartment, and repeatedly slapped or grabbed her buttocks and breasts (*see Matter of Narvanda S.*, 109 AD3d 710, 711 [1st Dept 2013]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.