People v DeJesus (2021 NY Slip Op 01727)





People v DeJesus


2021 NY Slip Op 01727


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Ind No. 2647/13 Appeal No. 13391 Case No. 2016-2330 

[*1]The People of the State of New York, Respondent,
v
Jaime DeJesus, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Anastasia Heeger of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered November 19, 2015, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court properly denied defendant's motion for a Wade or a Rodriguez hearing regarding the identification testimony of an eyewitness. The eyewitness's viewing of a surveillance videotape of the crime, at which she was present, and identification of defendant, whom she had known for years from the neighborhood, as the shooter, did not constitute an identification procedure within the meaning of CPL 710.30 (see People v Gee, 99 NY2d 158 [2002]; Matter of Lamar A., 149 AD3d 592 [1st Dept 2017]; People v Lara, 130 AD3d 463, 464 [1st Dept 2015], lv denied 27 NY3d 1001 [2016]).
We find no error in the court allowing a witness to express an opinion, based on her own familiarity with defendant, that defendant was the person depicted in the surveillance video. Defendant did not establish any basis for excluding this testimony, or any other relief. We note that the court instructed the jury, which viewed the surveillance video itself, that this witness was only giving an opinion.
Defendant failed to preserve his challenges to cell site location information pertaining to his cell phone, or to testimony about the operation of cell phone towers, and we decline to review them in the interest of justice. As an alternative holding, we find that any error was harmless in light of the overwhelming direct and circumstantial evidence, derived from multiple sources (see People v Crimmins, 36 NY2d 230 [1975]).
Finally, the court providently exercised its discretion in admitting autopsy photos over defense counsel's objection that they were excessively graphic and prejudicial. The photographs were relevant to establish the victim's injuries and to corroborate the testimony of other witnesses that the victim was shot at close range, and were not introduced merely to arouse the jury's emotions (see People v Pobliner, 32 NY2d 356, 369 [1973], cert denied 416 US 905 [1974]; see also People v Wood, 79 NY2d 958, 960 [1992]; People v Stevens, 76 NY2d 833, 836 [1990]). Furthermore, there was nothing depicted in the photos, or stated in the prosecutor's summation, that was so inflammatory as to require reversal.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021