People v Scottborgh (2021 NY Slip Op 50316(U))

[*1]

People v Scottborgh (Domingo)

2021 NY Slip Op 50316(U) [71 Misc 3d 131(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2018-597 N CR

The People of the State of New York,
Respondent,
against
Domingo Scottborgh, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel), for
appellant.
Nassau County District Attorney (Andrea M. DiGregorio, Yael V. Levy and Monica M.C. Leiter
of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Martin J.
Massell, J.), rendered February 7, 2018. The judgment convicted defendant, upon a jury verdict,
of driving while intoxicated (common law), and imposed sentence. The appeal brings up for
review so much of an order of that court (Joseph B. Girardi, J.) dated April 19, 2017 as denied
the branch of defendant's motion seeking to suppress evidence on the ground that a traffic stop of
defendant's vehicle was unlawful.

ORDERED that the judgment of conviction is reversed, on the law, so much of the order
dated April 19, 2017 as denied the branch of defendant's motion seeking to suppress evidence on
the ground that the traffic stop of defendant's vehicle was improper is vacated, that branch of
defendant's motion is granted, the accusatory instrument is dismissed, and the fine, if paid, is
remitted.
Defendant was charged in a simplified information with driving while intoxicated (common
law) (Vehicle and Traffic Law § 1192 [3]). A
Dunaway/Huntley/Mapp/refusal hearing was held during which the
arresting police officer testified that, at 2:31 a.m. on January 31, 2016, he received, in his words,
a "radio assignment for a well check or an unknown problem," based upon an anonymous 911 tip
that "a male [was] slumped over a steering wheel at the vicinity of the Merritts Road [sic] and
Northwest Drive in North Massapequa," at a "traffic signal location." According to the 911
caller, the vehicle was a dark-colored Jeep. No other identifying information was provided
(e.g., a description of the man or his clothing, the license plate number [*2]or model of the Jeep, or even its exact color).
Two officers arrived in separate patrol vehicles approximately 30 seconds after they received
a radio assignment based upon the 911 call. They did not observe a parked vehicle in the
immediate vicinity. However, they testified at the suppression hearing that a dark-colored Jeep
was being driven in the parking lot of a nearby shopping center "like it was looking for the exit."
The officers activated their turret lights as they drove towards the vehicle and effected a traffic
stop in the parking lot. When the two police officers approached the now-parked Jeep, they
observed defendant alone in the driver's seat. They did not observe any traffic violations or
anything else which confirmed that defendant was specifically the individual to which the
anonymous 911 caller had been referring, prior to effecting the traffic stop.
According to the hearing testimony of both officers, defendant exhibited signs of
intoxication, to wit, the strong odor of an alcoholic beverage on his breath, slurred speech,
bloodshot and glassy eyes, and unsteadiness on his feet when he exited the Jeep at the arresting
officer's request. He was arrested and charged with a single count of driving while intoxicated
(common law). Although defendant consented to a preliminary breath test at the scene, he later
refused chemical testing of his breath for its blood alcohol content at the police headquarters both
before and after being read refusal warnings. The court denied in its entirety defendant's
multi-pronged suppression motion. Following a subsequent jury trial, defendant was found guilty
of driving while intoxicated (common law). On February 7, 2018, defendant was sentenced to
three years' probation and a fine.
Defendant argues on appeal, among other things, that his initial seizure by the police
pursuant to a traffic stop violated his Fourth Amendment right against unreasonable seizures.
This preserved contention is correct. The rather minimal identifying information given by the
anonymous 911 caller about an unidentified male slumped over at a specific location inside of a
not uncommon vehicle did not provide the officers with the requisite probable cause to believe
defendant committed a traffic infraction or reasonable suspicion that defendant had committed,
was committing or would commit a criminal act (see People v Hinshaw, 35 NY3d 427, 430 [2020]).
The People's claim that the officers effected the traffic stop to check on defendant's welfare
pursuant to their community caretaking function, and not to investigate a crime pursuant to their
law enforcement duty, even if accepted as true, would not change this result. "A review of federal
and state cases that have applied the community caretaking exception to the stop of a moving
vehicle reveals that the appropriate standard is one of reasonableness" (People v Fenti, 57
Misc 3d 471, 478 [Town of Penfield Just Ct 2017]). Therefore, before a police officer may effect
a traffic stop for a welfare check of the driver or passengers of a vehicle, there must exist a
reasonable "basis for the police to believe that [there] was [a] need of assistance prior to the stop
of the car" (People v Del Rio, 61
Misc 3d 944, 951 [Middletown City Ct 2018]; see Fenti, 57 Misc 3d at 478 ["under
the community caretaking exception, the officer must be able to point to specific and articulable
facts which support a finding that the officer reasonably concluded that the motorist was in need
of assistance"]). In this case, based upon the information presented to the officers and their own
observations, there simply was no reasonable basis for them to believe that defendant was the
individual in distress about which the 911 call had been made. The People concede that, if
suppression is granted on appeal, then the judgment of conviction must be [*3]reversed and the accusatory instrument dismissed since "without the
suppressed evidence they cannot prove the defendant guilty" (People v Boyle, 164 AD2d
938, 939 [1990]).
Accordingly, the judgment of conviction is reversed, so much of the order dated April 19,
2017 as denied the branch of defendant's motion seeking to suppress evidence on the ground that
the traffic stop of defendant's vehicle was unlawful is vacated, that branch of defendant's motion
is granted, and the accusatory instrument is dismissed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021